WELLER *v.* CONSUMERS POWER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT IS FINAL WHERE SUPPORTED BY EVIDENCE.

Where finding of department of labor and industry that accidental injury to employee's back aggravated tuberculosis of spine, resulting in Pott's disease and causing total disability, is supported by evidence, it is binding on Supreme Court, on appeal in nature of certiorari.

2. SAME.

    In proceedings under workmen's compensation act, law places responsibility on department of labor and industry to find facts, and Supreme Court may do no more, on review by appeal in nature of certiorari, than examine evidence and determine whether there was any legal evidence in support of department's decision.

3. SAME—LIMITATION OF ACTIONS.

    Where employee's disability as result of industrial accident did not develop within six-month period immediately following, but did develop after said period and within two years after accident, and he made claim for compensation upon employer's attorney as soon as he learned nature of disability, it cannot be said that his claim for compensation is barred by statute of limitations.

4. SAME—PRE-EXISTING DISEASE.

    That employee, disabled by tuberculosis of spine, which was aggravated by industrial accident, is also suffering from pulmonary tuberculosis, which is or may be disabling, *held*, not to defeat his right to compensation.

Appeal from Department of Labor and Industry. Submitted June 13, 1933. (Docket No. 105, Calendar No. 37,238.) Decided October 2, 1933.

Floyd H. Weller presented his claim against Consumers Power Company for an accidental injury received while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Emil E. Storkan* and *Burritt Hamilton,* for plaintiff.

*N. B. Kelly* and *A. J. Paul,* for defendant.

WIEST, J. Plaintiff, on August 17, 1929, in the employ of defendant, suffered a sprain to his back but soon resumed work and continued to work for several months. The accident was reported by de-

fendant as noncompensable. Evidently, at the time of the accident, plaintiff had incipient or dormant tuberculosis of the spine, and, some months after the accident, this developed into a pronounced case of Pott's disease, which is tuberculosis of the spine. Plaintiff also had a tubercular testicle and pulmonary tuberculosis. The testicle was removed, but Pott's disease brought total disability.

The department found a causal relation between the accident and Pott's disease and awarded compensation. Upon appeal in the nature of certiorari defendant contends that such finding was without supporting evidence and the claim is barred by the statute of limitations (2 Comp. Laws 1929, § 8431).

The medical experts were not in agreement upon whether or not the accident did, or even could have caused a flare-up of tuberculosis of the spine, but the department accepted the view that it could and did, and this conclusion finds support in the evidence, and we must abide the finding.

We quote from the finding of the department:

"We think it can be said that the weight of medical evidence produced on behalf of the defendant is to the effect that there was a tuberculosis process present August 17, 1929, in the spine but that the same was not at that time disabling. So that, in so far as the medical evidence is concerned, the question upon this record is—whether or not the accident of August 17, 1929, aggravated and lit up the tuberculosis process in plaintiff's spine on that date, so that his present disability resulted therefrom. * * *

"We think that the medical testimony establishes beyond any reasonable question that an injury may aggravate or cause to flare up a tuberculosis process in the spine so that disability may result therefrom. * * *

"The accident sprained or injured plaintiff's back in the region that is now involved with Pott's disease. His disability is total and was total from the date that he entered the hospital, August 22, 1930.

"Dr. Fahndrich in whose care plaintiff was states that Pott's disease, at that time, had progressed to the extent that it was totally disabling. We think that the testimony in this case raises a strong inference that there is a causal relation between the injury which has been pointed out involving that portion of the spine in which the Pott's disease has made considerable progress and we find as a fact that the injury of August 17, 1929, contributed to the disability which plaintiff now suffers."

It is manifest that plaintiff had Pott's disease at the time of the sprain to his back in August, 1929, but probably in an early stage. The award is based on the finding that the sprain aggravated or caused the disease to flare up. Pott's disease is tuberculosis of the bony structure of the spinal column.

Plaintiff's medical witnesses were of opinion that the fact of his being able to work at hard labor for several months after the sprain was persuasive evidence that the sprain aggravated and intensified the disease to the point of bringing about total disability.

Defendant's medical witnesses, on the other hand, while conceding the possibility of aggravation by a severe traumatic injury, were decidedly of the opinion that an injury, sufficient to accomplish such a result, would have produced such an intensifying of the disease as to disable plaintiff from laboring within a month.

So we have an instance of one set of medical witnesses giving as a reason for their opinion the fact that plaintiff was able to labor for months after the

sprain, and, therefore, there was aggravation of dormant or incipient tuberculosis of the spine, and another set of medical witnesses, giving plaintiff's ability to so work as their reason for testifying that, in their opinion, the sprain had nothing to do with the Pott's disease from which plaintiff is now suffering.

The rule limits us to consideration of whether there was evidence supporting the finding, and, no matter what we may think about certain evidence, we must, in this case, concede there was evidence supporting the finding. The law places the responsibility on the department to find the facts and we can do no more, upon review by appeal in the nature of certiorari, than examine the evidence and determine whether there was any legal evidence in support of the decision.

Is the claim barred by the statute of limitations? Defendant had knowledge of the accident and reported it as noncompensable, as it appeared to be at that time. Plaintiff's disability did not develop within the six-month period immediately following the accident, but after the six-month period and within two years after the accident. That plaintiff had Pott's disease was not called to his attention until he entered the hospital in August, 1930. When plaintiff found he had Pott's disease he called upon the attorney for defendant, told him of the condition of his back, asked for compensation, and later, and about Thanksgiving time that same year, he met the attorney on the street in Battle Creek, again asked for compensation, and was told to write the attorney a letter. The letter was written. The department held that:

"If plaintiff knew of his condition on or about August 20, 1930, and did not make claim until

November 29, 1930, he would not make his claim within the three-months' period, but his testimony to the effect that he made a demand upon Mr. Paul for compensation for injury to his back, on August 20th, is not disputed upon the record and we find as a fact that he did on August 20, 1930, make claim upon the defendant for compensation as a result of the accidental injury of August 17, 1929.''

Under such finding there is no merit in the point that the statute of limitations has barred the claim.

Counsel for defendant contend:

''That plaintiff's disability was and is, under the undisputed evidence, caused by tuberculosis of the lungs and throat, unconnected with the accident.''

The department held to the contrary and stated:

''The fact that plaintiff has pulmonary tuberculosis which is, or may be, disabling, does not defeat his claim for compensation in this case, as the commission cannot speculate as to what percentage of his disability is caused by the pulmonary tuberculosis or tuberculosis of the throat, and the Pott's disease aggravated by the injury.''

We think our holdings in *Hills* v. *Oval Wood Dish Co.*, 191 Mich. 411, and *Letourneau* v. *Davidson*, 218 Mich. 334, decisive of the question.

The award is affirmed, with costs to plaintiff.

McDonald, C. J., and Potter, Sharpe, North, Fead, and Butzel, JJ., concurred. Clark, J., took no part in this decision.