PYRZEWSKI v. CHEVROLET MOTOR CO.

Workmen's Compensation—Claim for Compensation—Evidence. In proceeding by steam blower to recover compensation for injury received in March, reported as noncompensable in April, and from which tubercular condition became apparent the following November, evidence *held*, to show plaintiff had made claim for compensation within statutory period after disability made itself apparent (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted June 12, 1936. (Docket No. 92, Calendar No. 38,933.) Decided September 2, 1936.

John Pyrzewski presented his claim against Chevrolet Motor Company, division of General Motors Corporation, for accidental injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*John J. Poleski* and *Tilden M. Gallagher,* for plaintiff.

*J. G. Stevenson* and *E. C. McDonald,* for defendant.

TOY, J. On appeal from the department of labor and industry only one question is presented to us for review, namely, was proper claim for compensation made within the statutory period as provided by 2 Comp. Laws, 1929, § 8431.

Plaintiff was employed by the defendant as a steam blower, and, on March 27, 1934, he was accidentally injured while engaged in his employment when a fellow employee, while tightening a bolt by striking a large wrench attached to the bolt with another large wrench, accidentally struck plaintiff on the chest knocking him unconscious.

Plaintiff was taken to the factory hospital and after being there revived and his chest taped, he returned to his employment. On April 19, 1934, the defendant made a noncompensable report to the department of labor and industry which was signed by their hospital supervisor, Dr. A. P. Rogers.

Following the injury, plaintiff spit blood constantly and received treatments for his condition

at defendant's first aid hospital, but he discontinued these treatments of his own accord in June, 1934, because he claimed that the treatments did not aid but rather aggravated his condition. During this period he continued at his employment which did not end until November 6, 1934, when plaintiff informed Dr. Rogers of defendant's hospital, that he was ill and intended to enter the government hospital at Dayton, Ohio.

At that time he asked Dr. Rogers for an application for compensation. He testified that Dr. Rogers then said, "All right I give you it." Instead of receiving an application for compensation he was given an application for insurance in a company carrying health insurance. Plaintiff did not ascertain that he had tuberculosis until November 27, 1934. He remained in the hospital from November 20, 1934 until April 3, 1935. He introduced testimony before the department from which the department found that his existing tubercular condition which caused his disability was a result of the blow that he received on his chest and granted him compensation for total disability commencing November 6, 1934, and continuing until further order of the department.

Shortly after Thanksgiving day, 1934, the wife of plaintiff, following instructions from her husband, called at the factory of defendant to make application for compensation for her husband and was referred by the watchman of the factory to the employment office where she talked with a Mr. Vincent. She testified:

"*Q.* What did you say to Mr. Vincent?
"*A.* I have a slip from my husband.

"*Q.* What did you say to Mr. Vincent?

"*A.* I show him that slip and I told him that my husband wrote that slip, told me to come here ask for compensation, some kind of help.

"*Q.* You got some help, didn't you?

"*A.* I did ask him. He said he don't know nothing about it my husband went to hospital. I said, 'Sure, you know because he was coming here to see the doctor.' "

Defendant here contends that no claim for compensation having been made within six months from the date of the accident, or within three months after the disability made itself apparent, plaintiff's claim for compensation is barred by the limitation provision of the statute.

The department of labor and industry found as a fact that "the demand by plaintiff at the time he left for Dayton, Ohio, and the later claim for compensation, by his wife, satisfy the statute."

Defendant's employee, Rogers, had filed the noncompensable report of this accident, acting for and on behalf of defendant. He had charge of defendant's first aid hospital. Plaintiff had been there treated, for his condition, from time to time. When plaintiff quit his work, in order to enter the government hospital on November 6, 1934, he told Rogers that he was going to the said hospital and that he was "sick." He testified:

"*Q.* And did you tell him what made you sick?

\*   \*   \*

"*A.* Yes, I told him."

He thereupon asked Rogers for an application for compensation. Instead of giving him an application for compensation, Rogers gave him application blanks for health insurance. None of this testimony

was disputed. We think the department was not in error in holding that this testimony showed a claim for compensation to have been made within three months after the disability or incapacity developed or made itself apparent to the injured employee, and in pursuance to 2 Comp. Laws, 1929, § 8431. *Weller* v. *Consumers Power Co.,* 264 Mich. 525.

The award is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred. POTTER, J., did not sit.