McCUE v. WAYNE COUNTY BOARD OF COUNTY INSTITUTIONS.

1. WORKMEN'S COMPENSATION—INTERNS—TUBERCULOSIS—FINDINGS OF FACT.

In intern's proceeding to recover workmen's compensation for tuberculosis contracted from patients in general wards of the hospital, findings of fact by the workmen's compensation commission *held,* fully supported by evidence.

2. SAME—TUBERCULOSIS—HOSPITAL INTERN.

Where an intern in a hospital is constantly exposed to contagion from patients suffering from tuberculosis and contracts such disease himself, it is compensable under the occupational disease amendment of the workmen's compensation act (Act

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am. Jur., Workmen's Compensation, § 242 *et seq.*
[1, 2] Necessity and sufficiency of evidence that disease contracted by applicant for workmen's compensation is attributable to employment.    20 A.L.R. 4, 73 A.L.R. 488.
[1, 2] Tuberculosis as compensable disease.    20 A.L.R. 75, 73 A.L.R. 547.

No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by
Act No. 61, Pub. Acts 1937, and amended by Act No. 318,
Pub. Acts 1945).

Appeal from Workmen's Compensation Commission. Submitted October 12, 1948. (Docket No. 98, Calendar No. 44,128.)   Decided December 17, 1948.

John J. McCue, Jr., presented his claim for compensation against Wayne County Board of County Institutions, employer. Award to plaintiff. Defendant appeals. Affirmed.

*Charfoos, Gussin & Weinstein,* for plaintiff.

*James N. McNally,* Prosecuting Attorney, *J. Lynn Fewlass,* Chief, Civil Division, and *J. Nelson Wall,* Assistant Prosecuting Attorney, for defendant.

BUTZEL, J.   Plaintiff, John J. McCue, Jr., M.D., contracted tuberculosis while exposed to the disease during his employment as an intern by defendant at the Wayne County General Hospital.   He was awarded full compensation for the period of disablement.   The findings of fact by the workmen's compensation commission are fully supported by the evidence.   Plaintiff worked in the general wards of the hospital where some patients, not at the time segregated, suffered from an advanced stage of the disease.   These conditions have since been remedied.   Four of eight interns, including plaintiff, who were fellow alumni of plaintiff's medical school, contracted the disease under like circumstances.

The sole question of any merit presented on appeal is whether tuberculosis, even though regarded as an ordinary disease of life, becomes compensable when contracted by an employee of a hospital where he was constantly exposed to contagion from pa-

tients suffering from such disease.*    The identical question was presented in *Mills* v. *Detroit Tuberculosis Sanitarium, ante,* 200, where we upheld an award in favor of the plaintiff.    We refer to that case for reasons and citations.

The award in the instant case is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.

---

\* See Act No. 10, pt. 7, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 318, Pub. Acts 1945 (Comp. Laws Supp. 1940, 1945, § 8485–1 *et seq.,* Stat. Ann. 1947 Cum. Supp. § 17.220 *et seq.*).—REPORTER.