BLACK v. J. KOZLOFF, INC.

1. WORKMEN'S COMPENSATION—FISH-PROCESSING PLANT—TUBERCU-
LOSIS.

The activation of a dormant tuberculous condition by reason of
adverse environmental condition whereby employee of fish-
processing plant was subjected to prolonged periods in damp
clothing and frequent abrupt changes in temperature which
lowered his resistance and contributed to the development
and acquisition of pulmonary tuberculosis *held,* to justify an
award of workmen's compensation, where plaintiff was totally
disabled.

2. SAME — TUBERCULOSIS — FISH-PROCESSING PLANT — EVIDENCE —
FINDINGS OF WORKMEN'S COMPENSATION APPEAL BOARD.

Evidence adduced in proceeding by employee of fish-processing
plant *held,* sufficient to support finding of workmen's com-
pensation appeal board that plaintiff's employment by de-
fendant subjected him to adverse environmental conditions
which lowered his resistance and contributed to the develop-
ment and acquisition of pulmonary tuberculosis totally dis-
abling plaintiff and that plaintiff suffered an injury arising
out of and in the course of his employment and due to causes
and conditions characteristic of and peculiar to the business
of the employer, a disability caused by a disease resulting
from the nature of his employment and contracted therein.

3. SAME—TUBERCULOSIS—OCCUPATIONAL DISEASE.

Whether or not tuberculosis is an occupational disease character-
istic of the fish-processing business is not decided, where claim
for workmen's compensation is based on activation of dormant
tubercle bacilli.

4. SAME—REVIEW BY SUPREME COURT.

Review by Supreme Court is completed on appeal in nature of
certiorari to workmen's compensation appeal board, when Court
finds there is evidence in the record to support the findings of
the board.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Workmen's Compensation §§ 243, 247, 258–261.
Workmen's Compensation: injury or death to which pre-existing
physical condition of employee contributed. 19 ALR 95, 28
ALR 204, and 60 ALR 1299.

Appeal from Workmen's Compensation Appeal Board. Submitted October 9, 1964. (Calendar No. 30, Docket No. 50,384.) ˙ Decided May 10, 1965.

Jimmie Black presented his claim against J. Kozloff, Incorporated, employer, and Highway Casualty Company, insurer, for workman's compensation because of tuberculosis precipitated and aggravated by exposure to adverse working conditions. Award to plaintiff. Defendants appeal. Affirmed.

*Bernstein & Bernstein (Edwin S. Moag,* of counsel), for plaintiff.

*Metry, Metry, Sanom & Ashare (Richard Ashare,* of counsel), for defendants.

T. M. KAVANAGH, C. J. Defendants, by leave granted, appeal from an award of weekly benefits to plaintiff by the workmen's compensation appeal board. The board reversed the referee, who had denied benefits.

In his application for compensation plaintiff claimed injury or disablement occurred by reason of his employment by defendant J. Kozloff, Incorporated, a fish-processing concern. He claimed to have incurred tuberculosis resulting from his exposure to conditions which were peculiar to and characteristic of his employment. He alleged the conditions to which he was exposed caused an "aggravation, precipitation, lighting and flaring up of underlying, quiescent and dormant conditions, so as to precipitate total disabilities." He further claimed he was suffering from disabling tuberculosis which was aggravated by his lowered resistance and weakened physical condition caused by the conditions to which he was exposed during the course of his employment with defendant.

Defendants on appeal raised three questions:

(1) Is tuberculosis an occupational disease due to causes and conditions characteristic of a fish-processing company where the employment in no way increases the exposure to tubercle bacilli?

(2) Was there sufficient competent evidence to support the appeal board in its finding that an employee of a fish-processing company contracted tuberculosis due to conditions characteristic of such employment?

(3) Was there sufficient, competent evidence to support the appeal board in its finding of total disability?

Plaintiff testified that when he commenced working for defendant in October, 1953, he was in good health. His testimony revealed that the nature of his work was such that he frequently was exposed to abrupt temperature changes, that the work clothes he wore were wet a great deal of the time, even though he wore rubber boots and a rubber apron; that oftentimes his work clothes were still damp when he put them on in the morning after hanging in the employer's basement over night; that he was constantly required to do heavy labor, such as loading and unloading trucks in addition to his work as a fish scaler; that he sometimes worked 6-1/2 to 7 days a week and 10 to 12 hours a day. Plaintiff testified that on many occasions he would receive a night call to return to work to load a truck for delivery in order to avoid spoilage of fish.

Plaintiff further claimed that after a year and a half in defendant's employ he began to get frequent colds, shortness of breath, and was always tired. He continued to work for defendant until March of 1958, when he was hospitalized with a tuberculosis condition, which required surgery, and from which he had not recovered at the time of the hearing.

A physician qualified as an expert in diseases of the chest and a member of the American Academy of Tuberculosis Physicians, who was a witness on behalf of the plaintiff, testified that in his opinion plaintiff's working conditions did contribute to his pulmonary tuberculosis. He explains his opinion as follows:

"Every person has a certain resistance to infection with any particular type of a germ, whether it is the tubercle bacillus or others. Their resistance to infection is lowered by lack of sleep, by exposure to adverse environmental conditions, whether it is cold or whether it is wet or anything else abnormal, and by the presence of other infections at the time.

"Now, being specific and taking the case of Mr. Black, if your hypothetical question is correct, he has been exposed to adverse environmental conditions in the form of cold and dampness, and especially in the combination of dampness and wind, such as if would occur if he is riding in a truck and was wet at the time, and he also has the history of numerous respiratory infections.

"Now, taking all that into effect, it is my opinion that his working condition did contribute to his having acquired pulmonary tuberculosis."

Plaintiff's attorney asked the doctor the following question:

"*Q.* Then, whether or not, Doctor, in this case the working conditions that he worked under, which are in the hypothetical question, lowered this man's resistance to the tuberculosis bacilli?

"*A.* Well, that is the gist of what I have just testified, that it would lower his resistance to his acquiring tuberculosis."

Defendants claim that the testimony is insufficient to support an award of compensation because it fails to meet tests established by *Mills* v. *Detroit Tuberculosis Sanitarium,* 323 Mich 200, and *McCue* v. *Wayne*

*County Board of County Institutions,* 323 Mich 213. In both of those cases awards for compensation were allowed for disabling tuberculosis when it appeared that claimants were exposed to tubercle bacillus germs at their places of employment.

In the instant case plaintiff's expert medical witness stated as follows in answer to a question put to him on cross-examination:

"Well, of the four things that I mentioned, I said one was a necessity, and that is you have to have an exposure to tubercle bacilli. However, that is almost universal these days, if you live in a city, and to try and separate one from the other when everybody has had some exposure to tubercle bacilli and say this is the main cause and this is a secondary cause is purely a matter of degree."

On recross-examination, defendants' medical witness was asked the following question:

"*Q.* But working long hours, improper hours and being wet and cold without the proper clothing, without proper clothing, this could affect the person's nutritional standard and be a factor in reactivation of a person with tuberculosis?
"*A.* Yes."

The cases relied upon by defendants in support of their position are not determinative of the issue presented here. Plaintiff does not claim that the employment created an exposure to tuberculosis germs, but claims that his conditions of employment lowered his resistance to such a point as to activate dormant tubercle bacillus.

This Court in *Weller* v. *Consumers Power Co.,* 264 Mich 525, sustained an award of compensation for a dormant tuberculosis condition activated several months after a work-connected back sprain.

We do not decide whether tuberculosis itself is an occupational disease characteristic of a fish-

processing company. We conclude, however, that all of defendants' questions on appeal are answered by the following findings of the appeal board: that plaintiff's employment by defendant subjected him to adverse environmental conditions which lowered his resistance and contributed to the development and acquisition of pulmonary tuberculosis, which disease has totally disabled plaintiff since March 21, 1958; that plaintiff suffered an injury arising out of and in the course of his employment and due to causes and conditions characteristic of and peculiar to the business of the employer; that this disability was caused by a disease resulting from the nature of his employment and contracted therein. Upon a reading of the record we conclude that there was evidence from which the appeal board could make these specific findings.

Since we find there is evidence in the record to support the findings of the appeal board, on review in the nature of certiorari, our review is completed. See *Coates* v. *Continental Motors Corp.,* 373 Mich 461, and cases therein cited.

The award is affirmed, with costs to plaintiff.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.