RAMÓN A. RIVERA RIVERA, ETC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* O-71-164     *Resuelto:* 28 de abril de 1972

*Leoncio Carrasquillo Suárez y José R. Calderón Sánchez,* abogados del Administrador del Fondo del Seguro del Estado; la parte demandada no compareció.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Accedimos a revisar la decisión de la Comisión Industrial porque en la petición radicada por el Administrador del Fondo del Seguro del Estado se apuntó como error que la Comisión Industrial había revocado la decisión del Administrador del

Fondo "sin tener elementos de juicio que le permitieran formular tal determinación y en abierta contravención a su propia resolución emitida por unanimidad . . . ." Los autos originales no sostienen la alegación del Administrador. Veamos lo que de los mismos aparece.

Con fecha 26 de agosto de 1970, la Comisión Industrial dictó una resolución donde expresa:

"En el presente caso, este Organismo celebró una vista pública en 5 de mayo de 1970, para que las partes practicaran las pruebas necesarias a los fines de resolver el caso.

Examinada la prueba aportada por las partes en la vista pública celebrada en el caso, de la misma no surgen suficientes elementos de juicio que nos permitan hacer un análisis concienzudo del caso para llegar a una determinación definitiva en el mismo.

A los fines de hacer justicia sustancial entre las partes procede que se señale el caso para continuación de vista pública con miras a obtener elementos de juicio adicionales que nos permitan resolver definitivamente este caso.

En vista de lo expuesto, la Comisión Industrial RESUELVE que se proceda al señalamiento de vista pública a los fines antes indicados y en su consecuencia se ORDENA a la Secretaría se sirva señalar el caso a la brevedad posible para continuación de vista pública sobre compensabilidad y relación causal."

La obrera en el presente caso trabajaba en el Centro Médico de Río Piedras. Padecía de una úlcera gástrica. En un informe médico que aparece en documentos del Fondo del Seguro del Estado hay una anotación que lee *"not related but aggravated."* Tiene fecha 5 de mayo de 1969. El Administrador no obstante negó la compensación fundándose en que la condición que presenta "no guarda relación con sus alegaciones", a pesar de que como apuntamos en el informe se expresa: *"not related but aggravated."*

En la vista pública celebrada el 5 de mayo de 1970, a que hace referencia la resolución de la Comisión Industrial arriba transcrita, el Dr. Américo Miranda, médico del Fondo, declaró según síntesis que aparece en autos "que el cúmulo de trabajo

que tenía la lesionada de tipo emocional, que estaba bajo tensión y tenía que correr tras los doctores, quienes le exigían eficiencia en sus labores atendiendo pacientes, es lo que él informó cuando vio a la lesionada como médico internista del Fondo del Seguro del Estado; que es para él una sorpresa que no se haya tomado en cuenta su criterio . . . que al presente está agravada por la situación del momento; que hizo un diagnóstico de úlcera péptica no relacionada pero agravada por las circunstancias del trabajo; que la úlcera que tiene la obrera es una úlcera sin hipersecreción pero que fue agravada . . . ."

Se expone en la resolución que revisamos:

"El Dr. Miranda declaró que en este caso rindió un diagnóstico que no fue tomado en consideración al rendirse la decisión del Admor. que esa decisión es aparentemente administrativa y no estuvo basada en exámenes médicos.

El Abogado del Administrador señaló que en cuanto a si hubo o no otros exámenes médicos para emitir la decisión final, entiende que no hubo ningún otro informe médico, sino que es una cuestión de derecho de que no había ocurrido un accidente del trabajo. ms/ 24 junio 1970."

Es evidente de lo expuesto que en la vista del 5 de mayo de 1970 la obrera presentó la prueba que ella entendía establecía su caso y que la representación del Fondo no presentó perito alguno para refutar al Doctor Miranda, que de hecho es médico del Fondo. Evidentemente debido a esta situación es que la Comisión dicta la resolución que al principio copiamos con el objeto de dar la oportunidad al Fondo de refutar el testimonio del Doctor Miranda. Pero en la vista celebrada el 16 de enero de 1971 la representación del Administrador informó no estar preparada. La representación de la lesionada somete el caso por la prueba desfilada el 5 de mayo de 1970, a que ya hemos hecho referencia. Se le concedió entonces una nueva oportunidad al Administrador para que presentara prueba, pero en la vista señalada para ese fin insistió que

había que decidir primero si había habido un "accidente" del trabajo. (¹)

■ La Comisión fundándose en la declaración no contradicha del Doctor Miranda revocó la decisión del Administrador. Es correcta esta resolución. Hemos sostenido que si el obrero padece de una enfermedad y los que haceres del empleo la agrava o acelera, tiene derecho a la protección que brinda la Ley de Compensaciones por Accidentes del Trabajo. En *Vda. de Fernández* v. *Comisión Industrial*, 85 D.P.R. 298 (1962) dejamos consignado a la pág. 299 final que era conveniente "aclarar que el hecho de la existencia de una enfermedad anterior contraída y producida por causas ajenas al empleo no excluye necesariamente la compensabilidad de la incapacidad o muerte resultante por motivo de dicha enfermedad." Y a la pág. 301, expresamos: "Baste decir que localmente la misión de los organismos administrativos, en primera instancia, y de este Tribunal, no consiste en determinar el origen etiológico de la enfermedad sino que debe limitarse a determinar la existencia de una relación de causalidad entre la labor realizada y el resultado final—incapacidad o muerte—o sea, si la labor contribuyó al resultado, mediante la agravación, aceleración o precipitación de la enfermedad."

Para sostener lo anterior citamos de 1 Larson, *Workmen's Compensation Law*, Sec. 12.20 (1968) lo siguiente:

"Enfermedades preexistentes o achaques del empleado no derrotan una reclamación bajo el requisito de 'surgir del empleo', si el empleo agravó, aceleró o se combinó con la enfermedad o achaque para producir la muerte o incapacidad por la cual se reclama compensación."

■ No habiendo la representación del Administrador del Fondo del Seguro del Estado presentado prueba para desvirtuar el testimonio del Dr. Miranda a los efectos de que el

---

(¹) En *Vda. de Fernández* v. *Comisión Industrial*, 85 D.P.R. 298 (1962) explicamos lo que se entiende por "accidente" a los fines de la Ley de Compensaciones por Accidentes del Trabajo.

trabajo que realizaba la obrera agravó su enfermedad, la Comisión no podía dictar otra resolución que la que dictó.

*Se confirmará la resolución objeto de esta revisión.*

El Juez Presidente, Señor Negrón Fernández, no intervino.

