JOSÉ M. ALONSO GARCÍA, ETC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; CRISTÓBAL DÍAZ BUSTAMANTE, lesionado.

*Número:* O-74-71      *Resuelto:* 29 de octubre de 1974

*Jorge Márquez Gómez, Miguel A. Guzmán Soto, María Perales Rodríguez* y *Francisco Rivera López,* abogados del recurrente; *M. C. Arroyo Villamil,* abogado del lesionado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Cristóbal Díaz trabajaba para el Restaurante Café Roma. Era jefe de cocina durante las horas nocturnas. Tenía a su cargo el personal. Además tenía que atender al horno y entrar al frigorífico por carnes. El horno operaba a 700 grados de calor y el frigorífico a 30 grados bajo cero. Confeccionaba los menús y cuando faltaba algún empleado tenía que hacer su trabajo. Antes de empezar en ese empleo sufrió un examen físico y le dieron un certificado de salud. Declaró que entraba a su trabajo a las dos de la tarde y salía a las dos de la mañana. La cocina era muy calurosa. Casi siempre estaba acatarrado y con fiebre. Cuando fue a sacar un nuevo certificado de salud le tomaron radiografías y salió con una mancha en el pulmón derecho y fue ingresado en el Hospital Ruiz Soler.

El Dr. Jorge Báez García neumólogo consultor de la Comisión no cree que la tuberculosis la contrajo a consecuencia de su empleo pero sí opina que "debido a las largas horas de trabajo y a la pobre nutrición, esto puede haber constituido un factor agravante en la tuberculosis pulmonar de este paciente. El exceso de trabajo que tenía y las condiciones ambientales, el calor y el frío, contribuyeron al desarrollo de la enferme-

dad." Con esta opinión concurre el Dr. Hiram Vázquez Milán, asesor médico de la Comisión Industrial.

El Dr. Constantino Artamendi, perito del Fondo opina que "no es un caso compensable debido a que el empleado no trabajaba con enfermos tuberculosos y no recibió trauma del tórax."

La Comisión al resolver que la condición pulmonar que presentaba el obrero estaba relacionada con su trabajo expresó que "el origen etiológico de la enfermedad no es lo único que debe estudiarse o determinarse en un caso, sino que es fundamental resolverse la relación de causalidad entre el trabajo realizado y la enfermedad o muerte del paciente. El aspecto de agravación, aceleración o precipitación de la enfermedad debe ser estudiado al igual que el origen de la enfermedad."

Al así resolver la Comisión siguió la línea trazada por una serie de dictámenes de este Tribunal que se iniciaron con *Vda. de Fernández* v. *Comisión Industrial*, 85 D.P.R. 298 (1962) y se sigue en *Hernández Nieves* v. *Comisión Industrial*, 90 D.P.R. 340 (1964) y continúa en *Rivera Rivera* v. *Comisión Industrial*, 100 D.P.R. 658 (1972). Ver además *Alonso García* v. *Comisión Industrial*, 102 D.P.R. 689 (1974). Estos dictámenes establecen, según expresamos en el caso de *Rivera Rivera* v. *Comisión Industrial*, citando de 1 Larson *Workmen's Compensation Law*, Sec. 12.20:

"Enfermedades preexistentes o achaques del empleado no derrotan una reclamación bajo el requisito de 'surgir del empleo', si el empleo agravó, aceleró o se combinó con la enfermedad o achaque para producir la muerte o incapacidad por la cual se reclama compensación."

■ Si bien es cierto que la Ley de Compensaciones por Accidentes del Trabajo, según el criterio expuesto por el Dr. Artamendi, no contempla como compensable una enfermedad del sistema respiratorio de origen tuberculoso contraída en el curso del trabajo fuera de hospitales, oficinas o centros de salud dedicados al diagnóstico o tratamiento de tuberculosis—11 L.P.R.A. sec. 4—no es menos cierto que la citada ley

tiene carácter remedial y exige una interpretación liberal debiéndose resolver toda duda a favor del obrero, 11 L.P.R.A. sec. 2. Así también dispone dicho estatuto que "Además de las enfermedades ocupacionales incluidas en la anterior tabla, se considerarán enfermedades ocupacionales compensables todas aquellas enfermedades que se contraigan en el curso del trabajo, como consecuencia de un riesgo peculiar a la industria, proceso, ocupación o empleo, y como resultado de la directa exposición del obrero o empleado a dicho riesgo en el normal desempeño de su trabajo siempre que la última exposición al riesgo de adquirir la enfermedad ocurra dentro de los doce meses anteriores a la fecha en que se observaron las primeras manifestaciones de la incapacidad causada por la misma, sin perjuicio de lo que más adelante se dispone." 11 L.P.R.A. sec. 3.

■ Estableciendo la prueba que las condiciones bajo las cuales trabajaba el obrero eran tales que podían agravar o acelerar su dolencia, y visto lo resuelto por este Tribunal en los casos antes citados, así como la disposición de la ley antes transcrita, es forzoso concluir que actuó correctamente la Comisión al declarar compensable el presente caso. Ver además *Black* v. *J. Kozloff, Incorporated,* 134 N.W.2d 734 (Mich. 1965).

*Por los motivos anteriormente expuestos se confirmará la resolución recurrida.*