José M. Alonso García y en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada.

*Número:* O-75-45      *Resuelto:* 21 de abril de 1975

*Jorge Márquez Gómez* y *María Perales,* abogados del recurrente.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

La víctima en este caso era Juez de Paz. Ocho meses antes de su fallecimiento, mientras preparaba un afidávit se le nubló la vista, experimentando una sensación vertiginosa con pér-

dida de balance. Luego perdió coordinación en el andar y casi no podía mantenerse en pie, además de que desarrolló un estado de confusión mental y pérdida gradual de la visión. El Fondo del Seguro del Estado determinó que el trabajador no había sufrido un accidente del trabajo por haber muerto como resultado de un tumor en el cerebro. La Comisión Industrial revocó a base de la prueba médica que se presentó ante ella, a pesar de que la misma carece de precisión y certeza.

Concluyó la Comisión que "éste es uno de los casos protegidos por la Ley de Compensaciones por Accidentes del Trabajo al estar sometido un obrero a un cúmulo de trabajo de tal naturaleza que no le permitió requerir a tiempo la asistencia médica adecuada que pudo salvarle la vida por su sentido de responsabilidad [sic]."

Examinemos la prueba médica. El propio perito médico del trabajador, Dr. J. A. Ramírez Vicenti, neurólogo del Centro Médico de Mayagüez, comprobó la condición que explicamos al comienzo de esta opinión. Dijo haber sospechado, por los síntomas subjetivos y hallazgos objetivos, alguna lesión en la parte posterior del cerebro. Expresó además que por no contar con las pruebas de encefalograma, y en vista de que no podían llegar a un diagnóstico definitivo con los medios que contaban refirieron al trabajador al Centro Médico de Puerto Rico. Durante el acto de la vista pública el Dr. Vicenti se enteró de los hallazgos clínicos encontrados en el Centro Médico de Puerto Rico y expresó que para producir la gama de síntomas que presentaba el reclamante le parecía que tenía que ser más de un tumor. Manifestó además que la pérdida de balance, ataxia, que es uno de los hallazgos físicos y síntomas subjetivos, podría bien ser debido a un tumor de la fosa posterior. Dijo además que de acuerdo con el expediente del caso en el Centro Médico de Puerto Rico hicieron un ventriculograma y encontraron dilatación ventricular, además de que había la lesión que se sospechaba y de que existía un tumor que estaba comprimiendo y cree que eso fue la causa de la muerte. Añadió

que es imposible determinar factores que contribuyeron a un aceleramiento, precipitación o agravación de ese tumor.

Finalizó el Dr. Ramírez Vicenti diciendo que de haberse atendido al paciente un año antes, en cuanto al tumor se refiere, se hubiese prolongado su vida. Tomando como base la expresión de dicho médico en el sentido de que una pronta atención al trabajador pudo haber evitado la muerte del trabajador, la Comisión Industrial concluyó que el cúmulo de trabajo del Juez de Paz era de tal naturaleza "que no le permitió requerir a tiempo la asistencia médica adecuada que pudo salvarle la vida por su sentido de responsabilidad." Sin embargo, la prueba sobre el tipo de trabajo que realizaba el Juez de Paz concernido no justifica tal conclusión. Su función no era distinta a la de cualquier funcionario público que efectúa el mismo tipo de trabajo.

Es penoso que ni el Dr. Américo Delgado, médico del Fondo del Seguro del Estado, ni el Dr. Rolando Guzmán, asesor médico de la Comisión Industrial, quienes comparecieron a la vista en sus capacidades respectivas no pudieran orientar a la Comisión Industrial para que ésta en el ejercicio de su función adjudicativa pudiera hacer unas determinaciones claras y definitivas sobre los hechos que le hubieren servido de apoyo para sus conclusiones de derecho. El Dr. Delgado, del Fondo del Seguro del Estado, declaró que no contaba con su expediente ni protocolo de autopsia, y que para poder elaborar era necesario tener a la mano el expediente del Centro Médico "donde deben tener un expediente voluminoso." Por otro lado el Dr. Guzmán, asesor médico de la Comisión Industrial, declaró que tampoco contaba con información sino solamente con la decisión del Fondo del Seguro del Estado "donde se habla de un diagnóstico de tumor cerebral que no se sabe su localización, aunque hay otros tipos de tumores."

■ Como se sabe, este Tribunal en ejercicio de su facultad revisora tiene amplia discreción en la apreciación de la prueba pericial médica, pudiendo aun adoptar su propio criterio en la

apreciación o evaluación de la misma. *Valldejuli Rodríguez* v. *A.A.A.*, 99 D.P.R. 917 (1971); *Prieto* v. *Maryland Casualty Co.*, 98 D.P.R. 594 (1970); *Concepción Guzmán* v. *A.F.F.*, 92 D.P.R. 488 (1965); *E.L.A.* v. *Fonalledas Córdova*, 84 D.P.R. 573 (1962).

▮ En el pasado han sido varios los casos que han venido ante nos con prueba médica deficiente, tanto de parte del Fondo del Seguro del Estado como de la Comisión Industrial. Dicha prueba se puede caracterizar como vaga, superficial e imprecisa sin que se establezca la relación causal entre el accidente del trabajo y la lesión recibida por el trabajador. Es función ineludible tanto de los abogados del Fondo del Seguro del Estado como de los Comisionados de la Comisión Industrial exigir que la prueba médica desfilada en la vista celebrada al efecto se aparte lo más posible de la especulación y la conjetura, ya que este Tribunal rechazará toda prueba que equivalga a especulación o conjetura basada en hechos subsidiarios que no sostengan adecuadamente las conclusiones a que llegan. No ponemos en duda las cualificaciones de los médicos que declararon sobre los hechos sino el peso que puedan tener las evaluaciones hechas sin un estudio cuidadoso y detenido de todo el expediente médico donde constan las pruebas, exámenes y tratamiento a que fuera sometido el paciente, especialmente cuando los médicos que prestan el testimonio no son los que han hecho las observaciones directas del paciente, ni el tratamiento ni el examen clínico o diagnóstico. Esta es la situación en el caso de autos. La prueba pericial no sostiene la conclusión de que el trabajador hubiere sufrido una lesión compensable como consecuencia de su trabajo.

En este caso ordenamos a la parte reclamante, a través de su representación legal, Lcdo. Julio Enrique Pancorbo, que mostrara causa por la cual no debía expedirse el auto solicitado por el Administrador del Fondo del Seguro del Estado para revocar la resolución de la Comisión Industrial que concede compensación por la muerte del trabajador objeto del re-

curso. Dicha parte no compareció. *Se expedirá el auto solicitado y se revocará la resolución de la Comisión Industrial de 4 de diciembre de 1971.*