JOSÉ L. CABÁN MÉNDEZ, lesionado y recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* O-83-615     *Resuelto:* 27 de diciembre de 1983

*José M. Fernández Luis,* abogado del recurrente; *Carmen L. Rodríguez Umpierre,* abogada del recurrido.

PER CURIAM: El señor José L. Cabán Méndez, de 33 años de edad, trabajaba como Auxiliar de Bibliotecario para el Departamento de Instrucción Pública en Añasco. El 29 de agosto de 1979 acudió al Fondo del Seguro del Estado y alegó que el hecho de tener que atender tantas personas le había afectado su sistema nervioso y eso le impedía trabajar.

Luego de evaluado, el Fondo le diagnosticó una condición de esquizofrenia no diferenciada, crónica, y determinó que tal condición no estaba relacionada con el empleo. Inconforme con esta decisión el lesionado recurrió a la Comisión Industrial, la que concluyó que existía duda razonable en

cuanto a la relación causal y que venía obligada a darle el beneficio de la duda al obrero. En consecuencia, revocó la decisión del Fondo y ordenó darle la íntegra protección de la ley.

El Fondo recurrió ante nos y plantea que erró la Comisión Industrial al declarar que está relacionado con el empleo la condición de esquizofrenia sin que estén presentes los requisitos establecidos en *Rivera Cruz* v. *Comisión Industrial*, 92 D.P.R. 229 (1965), y a pesar de que no existe testimonio pericial que sostenga la decisión. El 20 de octubre de 1983, expedimos una orden a la parte recurrida en los siguientes términos:

> Examinada la petición de revisión y documentos que la acompañan, aparece: que el recurrido padece de una seria condición mental adquirida como consecuencia de un servicio militar en Vietnam, a causa de lo cual recibe una pensión del Gobierno Federal; que comenzó a trabajar como auxiliar de bibliotecario para el Departamento de Instrucción, en Añasco, y que a los ocho meses se quejó al Fondo del Seguro del Estado de que no podía continuar trabajando porque el atender personas en la biblioteca le ha afectado su sistema nervioso; que la Comisión Industrial revocó la decisión del Fondo y determinó que tiene duda razonable en cuanto a la relación causal entre la condición del recurrido y su trabajo, y viene obligada a darle el beneficio de la duda, por lo que ordenó dar al recurrido la íntegra protección de la ley.

> Apareciendo que la base para la decisión de la Comisión es más bien especulativa y, visto lo resuelto en *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 712 (1975), se concede al recurrido un plazo a vencer el 7 de noviembre de 1983 para que muestre causa, si la hubiere por la cual no debamos expedir el auto de revisión solicitado y revocar la resolución recurrida, manteniendo así la decisión del Administrador del Fondo del Seguro del Estado.

■ El lesionado recurrido ha comparecido y su representación profesional ha hecho un gran esfuerzo para convencernos de que la resolución de la Comisión Industrial debe ser sostenida. Dicho esfuerzo, sin embargo, no puede

contrarrestar el hecho de que la prueba que tuvo ante sí la Comisión para persuadir de la existencia de relación causal fue altamente especulativa. Del informe del oficial examinador que presidió la vista pública, citamos lo siguiente sobre el testimonio del psiquiatra, Dr. J. Ramírez Fuentes:

En cuanto si es de opinión que la condición de esquizofrenia fue agravada por las condiciones de su trabajo en la biblioteca contestó: sí, fue agravada, pero puede que no haya sido agravada tampoco porque la esquizofrenia tiene una característica de que es periódica, o sea, los brotes vienen periódicos. Hay periodicidad, aunque no suceda nada, pues ocurre un brote sicótico.

A preguntas del Lcdo. Delgado nuestro Siquiatra contestó que la condición; o sea; el trabajo para un ser humano que padece la condición de este señor en alguna medida puede ser terapia. Este hombre estaba trabajando en una biblioteca, tenía ideas de referencia, la biblioteca era un sitio tranquilo, si trabajara bregando con público en una iglesia podría ocurrirle lo mismo.

Este testimonio unido al hecho de que con anterioridad a su empleo en la biblioteca había estado recluido en el Hospital de Veteranos para tratamiento por su condición de esquizofrenia crónica, nos llevan a concluir que al recurrido no se le agravó su condición por el empleo, sino que la fase activa en que se encuentran los síntomas de su condición es parte del curso normal de su enfermedad.

■ El principio de liberalidad que permea la interpretación de la Ley de Compensaciones por Accidentes del Trabajo debe ser aplicado únicamente cuando existe duda razonable sobre la relación causal. El testimonio del perito psiquiatra no fue suficiente para crear esa duda razonable.

Por los fundamentos expuestos, *se expedirá el auto y se revocará la resolución recurrida.*