Cordero, Juez Ponente
*913 TEXTO COMPLETO DE LA SENTENCIA
El Sr. Francisco Jiménez Ramírez (en lo sucesivo "el recurrente") nos solicita que revisemos y revoquemos una Resolución dictada por la Comisión Industrial de Puerto Rico. Mediante la referida resolución, se determinó que no existía relación causal entre la condición del recurrente y la labor que éste realizaba.
Por los fundamentos que exponemos a continuación, revocamos la resolución recurrida.
I
El recurrente fue empleado del Hotel Dorado Beach por espacio de treinta tres (33) años. Ocupó varios puestos; entre estos, trabajó como mozo y "bartender". El hotel anunció su intención de traer máquinas para mecanizar el trabajo que hasta ese momento se hacía manualmente. El recurrente sólo recibió un adiestramiento de hora y media, por lo que no logró aprender el sistema mecanizado. Sin embargo, a otros empleados los adiestraron por espacio de una semana y media. Luego de instalado el sistema, el recurrente sólo pudo trabajar mes y medio más, porque tenía un grupo grande de clientes que estaban presionándolo mucho por no poder atenderlos con prontitud.
El 7 de enero de 1992 fue hospitalizado en el Hospital Psiquiátrico First Panamerican Hospital. Se le diagnosticó depresión mayor con rasgos psicóticos. El examen mental reflejó una baja autoestima en el contenido del pensamiento y mucha preocupación respecto a su trabajo.
Así las cosas, el 18 de febrero de 1992 el recurrente informó su caso a la Corporación del Fondo del Seguro del Estado (en adelante "el Fondo"). Luego de ser evaluado por el médico del asegurador del Fondo, se le diagnosticó Psicosis Atípica no relacionada con el trabajo.
El 10 de agosto de 1992, el recurrente fue hospitalizado por segunda vez en el mismo hospital, diagnosticándosele nuevamente la misma condición. El 3 de diciembre de 1992, el Fondo decidió que en el caso no había ocurrido un accidente del trabajo ni enfermedad ocupacional.
Inconforme con dicha decisión, el recurrente radicó escrito de apelación ante la Comisión Industrial, se realizaron los exámenes médicos de rigor y luego de celebrada una vista administrativa, a la cual comparecieron tanto los peritos médicos del asegurador como los de la Comisión Industrial, se revocó la decisión del Fondo. Sin embargo, el administrador solicitó se enmendara Nunc Pro Tune la Resolución emitida, a los efectos de confirmar la decisión del asegurador, según lo había recomendado el oficial examinador. Por tal motivo, la Comisión Industrial enmendó su resolución y confirmó la decisión del asegurador.
Ante tal cuadro, el recurrente solicitó reconsideración y el 7 de enero de 1997 la misma se declaró No Ha Lugar. Es de dicha determinación, que el recurrente acude ante este foro.
II
El recurrente plantea que la Comisión Industrial cometió los siguientes errores:

"Las conclusiones a que llega la Honorable Comisión Industrial no están sostenidas por el conjunto de prueba, son contrarias a derecho y están en total desacuerdo con el espíritu y propósito de la Ley de Compensaciones por Accidentes del Trabajo y la Jurisprudencia aplicable.

Incidió, además, la Honorable Comisión Industrial al resolver conforme al testimonio del Dr. 
*914
Ramón Fortuno, perito del Administrador, testimonio que fue impreciso y altamente especulativo, rechazando así el informe del Dr. César A. Reyes Laborde, informe lógico, convincente y sostenido por la prueba."

Encontrándonos en posición de resolver, así lo hacemos.
m
Antes de analizar los errores señalados, es necesario discutir algunos conceptos jurídicos pertinentes a la controversia de autos.
La Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935; 11 L.P.R.A. sec. 1 et seq., es el estatuto remediador que existe en Puerto Rico para atender la salud y seguridad en el empleo. El propósito de su aprobación es "promover el bienestar de los habitantes del pueblo de Puerto Rico en lo referente a accidentes, lesiones, enfermedades o muertes derivadas'de la ocupación de los trabajadores en el curso de su empleo, y establecen el deber de los patronos en compensar a sus trabajadores o beneficiarios de estos accidentes, lesiones, enfermedades o muertes que ocurran."
A tenor con el propósito que la inspira, la ley dispone en su Artículo 2,11 L.P.R.A. see. 2, que para que un obrero lesionado tenga derecho a la compensación que fija la ley, la condición o lesión debe sobrevenir como resultado de un acto o función inherente al trabajo, que haya ocurrido en el curso de éste y como consecuencia del mismo. Si no concurren los tres requisitos, el accidente no será compensable. Díaz Ortiz v. F.S.E., 126 D.P.R. 32, 38 (1990).
Sin embargo, el mismo Artículo 2 de la ley dispone:
"Esta ley por ser de carácter remedial se interpretará liberalmente y cualquier duda razonable que en su aplicación surgiere en cuanto a la existencia de relación causal entre el trabajo u ocupación del obrero o empleado, la lesión, incapacidad o muerte, o el carácter ocupacional de una enfermedad, deberá resolverse a favor del obrero o sus beneficiarios. "11 L.P.R. A. see. 2.
La "duda razonable" se derrota cuando se demuestra de manera clara y convincente que no existe una relación de causalidad entre el trabajo del obrero y su incapacidad o muerte. Ortiz Candelario v. Comisión Industrial, 90 D.P.R. 387,407 (1964).
Luego de analizado el expediente en su totalidad, entendemos que no se derrotó la duda razonable, la cual debe ser aplicada de la forma más favorable al lesionado. Veamos.
El Dr. César A. Reyes Laborde fue el perito de la Comisión Industrial que evaluó al recurrente y quien le oyó durante la vista administrativa. Del texto de lo declarado por el doctor Reyes Laborde se desprende lo siguiente:

"No habiendo evidencia de algún otro tipo de problemas en el hogar o en el trabajo que pudiera haber precipitado esta crisis emocional, su opinión es que la condición que padeció el paciente tuvo que ver directamente con los cambios en el trabajo."

Por otro lado, la representación legal del administrador del Fondo se limitó a expresar que en el presente caso no había un accidente del trabajo. Añadió que, desde el punto de vista médico, podía entenderlo "porque casos de menos categoría pueden causarle esta condición al obrero."
En cuanto al Dr. Ramón Fortuño, perito del administrador del Fondo, éste nunca evaluó al recurrente. Su opinión estuvo basada en lo que escuchó en la vista pública y del estudio del expediente. Sobre este particular, es menester señalar que el mayor peso evidenciario debe dársele al médico que examina y evalúa. Alonso García v. Comisión Industrial, 103 D.P.R. 712 (1975).
En el caso ante nos, el doctor Reyes Laborde fue quien, aparte de los doctores del hospital privado, evaluó al recurrente y coincidió con éstos. Además, los informes del Hospital Psiquiátrico "First Panamerican Hospital" relacionaron la enfermedad del recurrente con la labor realizada en su trabajo, *915 aun cuando en esencia repitieron lo informado por el recurrente.
Debemos señalar que nos encontramos en igual posición que la Comisión Industrial para evaluar la prueba pericial presentada. Con relación a esto, el Tribunal Supremo de Puerto Rico ha expresado que en circunstancias ordinarias y en ausencia de razón alguna que justifique su intervención con la apreciación hecha, no alterará las conclusiones de la Comisión Industrial que estén sostenidas por prueba pericial; pero, en el ejercicio de su facultad para revisar, los tribunales tienen amplia discreción en la apreciación de la prueba pericial médica, por lo que puede aun adoptar su propio criterio en la apreciación o evaluación de dicha prueba. Alonso García v. Comisión Industrial, 103 D.P.R. 712, 714-715 (1975), donde se citan Valldejuli v. A.A.A., 99 D.P.R. 917 (1971); Prieto v. Maryland Casualty Co., 98 D.P.R. 594 (1970); Concepción Guzmán v. A.F.F., 92 D.P.R. 488 (1965) y E.L.A. v. Fonalledas Córdova, 84 D.P.R. 573 (1962).
Puede razonablemente inferirse que la condición mental del recurrente surgió como resultado del estresor ocasionado por los cambios habidos en su lugar de trabajo. Por otro lado, la mente humana es demasiado compleja como para asegurar que el recurrente no pudo ser afectado severamente por las nuevas condiciones de su trabajo. Más aún, resulta irrazonable el descartar totalmente la evaluación de un perito médico que expresó claramente que la condición que padecía el recurrente tuvo que ver directamente con los cambios en su trabajo. Sostenemos que el informe rendido por el doctor Reyes Laborde fue lógico, convincente y sostenido por la prueba.
Acorde con la prueba pericial desfilada, el Fondo no demostró de manera clara y convincente que no existía relación de causalidad entre el trabajo del recurrente y su condición mental.
IV
Es norma reiterada que al revisar decisiones de agencias administrativas, sus conclusiones e interpretaciones merecen gran consideración y deferencia por parte del foro judicial. Rivera Rentas v. A & C Development, Corp. _ D.P.R. _ (1997); 97 J.T.S. 143, a la pág. 344. La deferencia a las determinaciones de hechos de los organismos administrativos, sólo pueden obviarse si existe arbitrariedad, ilegalidad o irrazonabilidad de parte de la agencia o cuando tales determinaciones no encuentren apoyo en evidencia sustancial existente en la totalidad del récord. Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975), Misión Industrial de P.R. Inc. v. Junta de Planificación de P.R., _ D.P.R. _ (1997), 97 J.T.S. 34, a la pág. 729.
Es claro que para que un tribunal revisor pueda decidir que la evidencia que obra en el expediente administrativo no es sustancial, la parte afectada debe demostrar que existe "otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba" que tuvo ante su consideración. Metropolitana S.E. (ATRIUM PLAZA) y otros v. Asociación de Residentes de la Avenida San Patricio y Areas Circundantes, Inc., _ D.P.R. _ (1995), 95 J.T.S. 39, citando a Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 686 (1953).
Concluimos que existe prueba en el récord que claramente demuestra que la decisión de la Comisión Industrial no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.
V
Por los fundamentos anteriormente expuestos, se revoca la resolución recurrida.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General