TEXTO COMPLETO DE LA SENTENCIA
Nos solicita la recurrente, Carmen A. García Fantauzzi, que revoquemos la resolución emitida por la Junta de Personal de la Rama Judicial mediante la cual ese organismo confirmó la decisión de la Directora de la Oficina de *940 Administración de los Tribunales (“O.A.T.”) de suspenderla de empleo y sueldo por cinco días y transferirla a un puesto de Oficial Administrativo II en el Área de Administración de Documentos.
Por los fundamentos que a continuación exponemos, revocamos. Dejamos sin efecto la orden de traslado de la recurrente al puesto de Oficial Administrativo II en el Área de Administración de Documentos y la suspensión impuesta.
Los eventos relevantes surgen de la propia resolución recurrida. Para la fecha de los hechos, la recurrente se desempeñaba como Coordinadora del Programa de Ayuda al Empleado (“PAE”) en la O.A.T. Específicamente, los de importancia que generan la resolución objeto de este recurso se iniciaron el 17 de abril de 2002 cuando la Sra. Haydée E. Enriquez Maeso (“Sra. Enriquez”), supervisora de la recurrente, le refirió tres empleadas para ser atendidas en el PAE debido a que tenían problemas de relaciones interpersonales. Trabajaban en el Tribunal de Menores del Centro Judicial de Bayamón.
El 18 de abril de 2002, la recurrente atendió a la empleada Mildred Camacho (“Sra. Camacho”), ya que las otras dos rechazaron recibir la ayuda del PAE. De la entrevista celebrada rindió un informe. Se lo envió a la Sra. Enriquez. Le solicitó a su secretaria que le guardara el original de dicha comunicación para su récord.
Posteriormente, la Sra. Camacho llamó por teléfono a la Sra. Enriquez. Le solicitó que le entregara una copia de las determinaciones y recomendaciones formuladas en su caso por la recurrente. Ante esa situación, la Sra. Enriquez decidió discutir primeramente el informe con la recurrente antes de darle una contestación. En la reunión le indicó que, debido a las aseveraciones que hizo sobre otras personas, el mismo no debía incluirse en el expediente del PAE. La recurrente decidió, entonces, quedarse con el original. La Sra. Enriquez se comunicó luego con la Sra. Camacho para indicarle que no existía un documento como tal que tuviera unas determinaciones y recomendaciones.
Mediante comunicación de 23 de agosto de 2002, la Sra. Camacho le solicitó a la Directora de Recursos Humanos de la OAT, Sra. María Griselle Colón (“Sra. Colón”), su ayuda para obtener el referido informe. Agregó que de no recibirla visitaría la oficina de la recurrente y obtendría el mismo mediante presión. Ante esta situación, la Sra. Colón se reunió con la Sra. Camacho. Posteriormente entrevistó a las otras dos compañeras de trabajo de ésta. Además, se reunió con la recurrente y con su supervisora, la Sra. Enriquez, quien le mostró el documento preparado por la primera.
La Sra. Colón, al leer el documento, indicó que estaba en total desacuerdo con lo señalado, ya que ella había entrevistado a las mismas personas y no podía llegar a las mismas conclusiones a las que llegó la recurrente. Así, pues, lo retiró del expediente de la empleada y los puso “bajo llave” en un archivo de su oficina.
El Ledo. Oscar González Rivera, representante legal de la Sra. Camacho, le envió entonces una comunicación a la Sra. Colón. Le solicitó el informe rendido por la recurrente. Mediante comunicación del 22 de noviembre de 2002, la Sra. Colón le indicó que no procedía enviarle una copia debido a que era confidencial. Además, le informó que era uno de índole informativa y no sería considerado para tomar una decisión, ya que era meramente una herramienta de trabajo del Coordinador del PAE.
En esa misma fecha, la Sra. Colón le envió por correo una breve carta a la Sra. Camacho que leía de la siguiente manera: “Incluyo copia de la carta que se le envió al Ledo. Oscar González Rivera para su conocimiento”. '
El 2 de diciembre de 2002, la Sra. Camacho llamó por teléfono a la oficina de la Sra. Colón. Alegadamente, de manera cínica, le dio las gracias por haberle enviado el informe que ella quería y se rió con tono burlón. La Sra. Colón le contestó que eso no era posible debido a que ella fue la persona que preparó el sobre con la *941 correspondencia y estaba consciente de que no incluyó informe alguno.
Al día siguiente, le enseñó a su supervisora el informe preparado por la recurrente. Le dijo que la Sra. Colón lo envió en el mismo sobre que le remitió la copia de la carta del Ledo. González Rivera. Posteriormente, durante febrero de 2003, le entregó copia a una empleada del Tribunal de Bayamón quien, a su vez, se lo hizo llegar a la Sra. Enriquez, supervisora de la recurrente.
El 5 de diciembre de 2002, se le envió una comunicación a la recurrente informándole que se estaba realizando una investigación administrativa en su contra sobre divulgación de información confidencial contenida en tres informes que fueron preparados y suscritos por ella. Se le citó para la celebración de una vista informal a celebrarse el 18 de diciembre de 2002.
Incluyó, además, unos hechos acontecidos en el 2001 en el Centro Judicial de Aguadilla, que incluían también la divulgación de información confidencial de dos informes de empleados preparados por la recurrente. Como parte de la investigación, la recurrente prestó una declaración bajo juramento sobre su versión de cómo ocurrieron los hechos. Además, se tomaron declaraciones de todas las personas que tuvieron participación.
Finalizada la investigación, el 20 de mayo de 2003, la Directora O.A.T., Mercedes M. Bauermeister, le envió una comunicación a la recurrente. Le indicó que “luego de evaluada toda la evidencia obtenida durante la investigación, encontramos probado el hecho de que actuó negligentemente y en contravención con los estatutos reglamentarios establecidos al notificar información confidencial contenida en tres informes preparados y suscritos por usted sin la debida autorización”. Le imputó violación al Art. 16.1 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII; y la Regla 9 del Código de Ética para Funcionarios, Empleados, Ex-funcionarios y Ex-empleados de la Rama Judicial que prohíbe la divulgación de información confidencial excepto para propósitos permitidos por ley, reglamentación o autorización previa. Le impuso, como medida disciplinaria, la suspensión de empleo y sueldo por un término de cinco (5) días. Además, fue transferida a un puesto de Oficial Administrativo II en el Área de Administración de Documentos, el cual es equivalente en escala de sueldo al puesto que ocupaba como Coordinadora del PAE.
Inconforme con dicha determinación, la recurrente presentó su apelación ante la Junta de Personal de la Rama Judicial. Alegó que ella no violó las normas sobre confidencialidad, por lo que sostuvo no debió ser suspendida ni transferida a otra posición.
La vista adjudicativa ante la Junta se llevó a cabo el 2, 3 y 4 de mayo de 2005. La Sra. Camacho, como testigo de la parte recurrente, presentó en evidencia el sobre que contenía los documentos que alegadamente le envió la Sra. Colón. Además, testificó que ambos documentos, tanto la copia de la carta del Ledo. González Rivera como el informe de la entrevista del PAE, le llegaron mediante el servicio de correo ordinario.
Luego de sometido el caso, las partes recibieron una notificación de parte de la Examinadora con fecha de 11 de mayo de 2005 para que en quince (15) días se expresaran en relación con un pesaje que se efectuó del sobre sometido en evidencia. Específicamente señaló que, según el metro postal —en caso de que el sobre hubiese contenido el informe del PAE — , éste debió haber cancelado $0.60 en sellos y no $0.37 centavos, tal como ocurrió.
Ante esta situación, el 28 de junio de 2005, la Junta señaló una nueva vista evidenciaría para el pesaje del sobre en cuestión. Finalmente, la Examinadora llegó a la conclusión de que la Sra. Camacho había mentido y, por consiguiente, resolvió que la persona que le envió el referido informe a ésta había sido la recurrente.
Así las cosas, el 20 de septiembre de 2006 confirmó la determinación de la Directora Administrativa de la O. A.T. Para resolver de la manera que lo hizo realizó el siguiente análisis: “Quedó demostrado que la Sra. Camacho *942 mintió, ya que el sobre canceló $.37 y la Examinadora pesó el sobre con las cartas en el metro postal de la Secretaría de la Junta y ello evidenció que se supone que si dichos documentos se hubiesen incluido en el sobre, éste hubiese cancelado $.60”. Apoyada en ese hecho, resolvió que “[e]l informe preparado por la apelante García Fantauzzi no fue enviado a la Sra. Camacho por error de la Directora de Recursos Humanos y tampoco fue enviado por el Programa de Ayuda al Empleado. Dicho informe fue enviado a la Sra. Camacho por la apelante García Fantauzzi que tenía grabado dicho informe en su computadora.” 
Las disposiciones reglamentarias sobre las cuales basó su decisión fueron el Art. 16.1 del Reglamento de la Administración, supra, y la Regla 24 de las Reglas de Administración, supra. Expresamente disponen que “la negligencia en el desempeño de las funciones, la insubordinación y la conducta impropia en el desempeño de las funciones son justa causa para destitución o suspensión del servicio”. Además, la Junta tomó en consideración la Regla 2(5) del Código de Ética para Funcionarios, Empleados, Ex-funcionarios y Ex-empleados de la Rama Judicial que prohíbe a los funcionarios de la Rama Judicial el divulgar información confidencial. Finalmente, resolvió que la conducta de la recurrente “sin lugar a dudas, fue contraria al Reglamento de la Administración del Sistema de Personal de la Rama Judicial y al Código de Ética para Funcionarios, Empleados, Ex-funcionarios y Ex-empleados de la Rama Judicial”. 
Inconforme con dicha determinación, la recurrente acude ante nos. Imputa a la Junta los siguientes errores:

“1. Al sancionar la conducta de la apelante sin haber una reglamentación específica aplicable para los procesos llevados a cabo por éstos.

2. Al la Examinadora pesar el sobre sometido en evidencia sin la presencia de las partes, de modo que se garantizara la pureza de los procesos y en violación a su propio reglamento. ”

De entrada, es principio reiterado que las conclusiones e interpretaciones de los organismos administrativos merecen gran deferencia por-parte de los tribunales. García Oyóla v. J.C.A., 142 D.P.R. 532, 540 (1997). Debemos ser cautelosos al intervenir con las determinaciones administrativas debido a que las agencias poseen la experiencia y los conocimientos altamente especializados que se encuentran dentro del ámbito de sus facultades y responsabilidades. Metropolitana S.E. v. A.R.P.E., 138 D.P.R. 200, 213 (1995); Fac. C. Soc. Aplicadas, Inc. v. C.E.S., 133 D.P.R. 521, 533 (1993). Por tanto, se establece una presunción de legalidad y corrección a favor de las decisiones de las agencias administrativas. A.R.P.E. v. J.A.C.L., 124 D.P.R. 858, 864 (1989); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Sus determinaciones de hechos serán sostenidas en el ámbito apelativo si se basan en evidencia sustancial. Se trata de "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión" obrante en el expediente administrativo. Hilton Hotels v. Junta Salario Mínimo, 74 D.P.R. 670, 687 (1953).
La parte que impugna la determinación de la agencia le corresponde el peso de probar que la misma fue arbitraria, irrazonable y que se tomó en ausencia de evidencia sustancial. Tiene la obligación de refutar la presunción de corrección sin descansar en meras alegaciones. Com. Vec. Pro-Mej., Inc. v. J.P., 147 D.P.R. 750, 761 (1999), Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 131 (1998).
No obstante, en apelación no se sostendrá una decisión basada en prueba vaga, superficial e imprecisa. Díaz Ortiz v. F.S.E., 126 D.P.R. 32 (1990). Por lo tanto, el foro administrativo viene obligado a exigir que la prueba desfilada en la vista celebrada al efecto se aparte lo más posible de la especulación y la conjetura, ya que se debe rechazar toda prueba que equivalga a especulación o conjetura basada en hechos subsidiarios que no sostengan adecuadamente las conclusiones a que llegan las agencias. Alonso García v. Comisión Industrial, 103 D.P.R. 712, 715(1975).
*943 En síntesis, la revisión judicial de una decisión administrativa suele circunscribirse a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Pacheco v. Estancias, 2003 J.T.S. 150.
Resulta de rigor destacar que, indudablemente, la prueba que se presente debe reflejar cierto grado de confiabilidad para que pueda ser considerada como evidencia sustancial. La falta de calidad y cantidad de la presentada ante la Junta en este caso nos conduce a examinar con detenimiento las bases y fundamentos legales de la determinación administrativa. Se necesita una prueba de peso y adecuada para que le brindemos deferencia.
Ciertamente, cualquier hecho en controversia es susceptible de ser demostrado mediante evidencia directa o mediante evidencia indirecta o circunstancial. Se entiende por evidencia directa aquélla que prueba el hecho en controversia sin que medie inferencia o presunción alguna, y que de ser cierta demuestra el hecho de modo concluyente.
De otra parte, evidencia indirecta o circunstancial es aquélla que tiende a demostrar el hecho en controversia probando otro distinto, del cual en unión a otros ya establecidos puede razonablemente inferirse el hecho en controversia. En el proceso deductivo de formar juicio que se vale el juzgador de los hechos, la verdad del hecho en controversia tiene que surgir como una deducción lógica de los probados.
La decisión de la Junta de confirmar la decisión de la Directora Administrativa de la O.A.T. se basó, principalmente, en el hecho del pesaje del sobre enviado por la Sra. Colón a la Sra. Camacho. Si bien es cierto que para llegar a la conclusión que hoy revisamos la Junta tomó en consideración situaciones anteriores en las que, alegadamente, la recurrente había suministrado información confidencial a los empleados, —como, por ejemplo, la ocurrida en el Centro Judicial de Aguadilla — , la realidad es que la que tuvo mayor peso fue lo relacionado con el informe de la Sra. Camacho por tratarse de un documento “clasificado como confidencial con instrucciones especificas sobre su manejo. ” Pág. 15, resolución recurrida.
Apoyada en la discrepancia en la cantidad de sellos que debió haber cancelado el sobre en controversia y en el testimonio de la Sra. Colón, la Junta llegó a la conclusión de que el informe en cuestión no fue enviado a la Sra. Camacho por error de aquélla ni por el PAE, sino por la recurrente quien lo tenía grabado en su computadora. [9] El referido dictamen constituye una determinación de hecho del organismo administrativo que deberá ser sostenida por este Tribunal, siempre y cuando esté apoyado en evidencia sustancial que surja del expediente administrativo.
Asimismo, la evidencia que desfiló resulta ser altamente imprecisa y especulativa. La prueba, tanto documental como testifical, no es suficiente para establecer que fue la recurrente quien le hizo llegar el informe a la Sra. Camacho. Se trata de una inferencia huérfana de evidencia que la sostenga. A lo sumo, lo único que demuestra la prueba del pesaje del sobre en cuestión es que la Sra. Camacho mintió en cuanto a que dentro del sobre que le envió la Sra. Colón se encontraba el informe de su entrevista en el PAE. No podemos aceptar como un hecho probado lo que sólo constituye una especulación cuando el récord refleja que la recurrente negó las imputaciones en su contra y en la O.A.T. hubo otras personas con acceso al mismo. Durante la vista celebrada tampoco se estableció cómo la Sra. Camacho lo obtuvo.
Aún más, surge de la resolución recurrida, pág. 9, que el referido informe se unió al expediente de personal de la Sra. Camacho y luego fue retirado por la Sra. Colón. Escoger a la recurrente bajo las circunstancias atinentes, no es consecuencia obligada que le imprima sello de razonabilidad a esa determinación.
Por último, el récord está huérfano de prueba que la relacione con la entrega del informe a la Sra. Camacho. *944 Los testigos que testificaron ante la Junta no sustentan ese hecho. Ninguno declaró haberla visto haciéndole entrega del documento a la Sra. Camacho ni tener conocimiento personal de que lo hizo. Ella nunca admitió tal hecho. Por el contrario, siempre se mantuvo en su posición de que no divulgó información confidencial sobre algún empleado. Tampoco lograron establecer como inferencia razonable que ésta le entregó el informe a la Sra. Camacho.
La Junta, una vez descartó a la Sra. Colón como la posible remitente del informe a la Sra. Camacho, concluyó, por eliminación, que fue la recurrente quien lo hizo. Esto se aparta de lo que constituye evidencia sustancial apoyada en el récord administrativo.
Al revisar la desfilada en el caso de autos, de por sí sola, no demuestra de forma convincente que haya sido la recurrente quien le envió el referido informe a la Sra. Camacho. Resolver lo contrario constituye, a todas luces, una especulación. Consiguientemente, una decisión arbitraria y caprichosa que nos vemos impedidos de sostener.
Por todo lo anterior, se revoca la resolución recurrida así como la decisión de la Directora Administrativa de la O.A.T. Dejamos sin efecto la orden de traslado de la Sra. García Fantauzzi al puesto de Oficial Administrativo II en el Area de Administración de Documentos y la suspensión decretada.
Lo acuerda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 37
1. Apéndice del recurso, pág. 7.
2. Apéndice del recurso, pág. 9.
3. Debido a una situación suscitada en la Oficina de los Alguaciles del Centro Judicial de Aguadilla, la recurrente acudió a dicho tribunal a dar apoyo y orientar a los empleados involucrados. Allí entrevistó a dos, el Alguacil Rivera López y la empleada Mercedes Colón Vera.
4. Apéndice 12 del recurso, págs. 29-31.
5. Resolución recurrida, Ap. del recurso, pág. 10
6. íd.., pág. 10.
7. íd., pág. 14.
8. íd., pág. 15.
9. Apéndice del recurso, pág. 10.