JUAN VILLANUEVA PÉREZ, lesionado, MAR ASSOCIATES, patrono, *v.* COMISIÓN INDUSTRIAL DE P.R., demandada, FONDO DEL SEGURO DEL ESTADO, asegurador-recurrente.

*Número:* O-78-146      *Resuelto:* 14 de mayo de 1980

*Antonio Acevedo Torres, Francisco Falú Lebrón, Jorge Márquez Gómez, y Víctor G. Colón Hernández,* abogados del Fondo del Seguro del Estado; *Manuel de Jesús Mangual, José A. Lugo Irizarry y Benjamín Marcano Román,* abogados del obrero recurrido.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Plantéase en el presente recurso si, compensada una persona por una incapacidad parcial y una desfiguración

resultante de un accidente del trabajo, y agravada dicha incapacidad hasta convertirse en total permanente sin la intervención de otro accidente, procede descontar, de la compensación a que tiene derecho por la incapacidad total, lo pagádole por la desfiguración. Resolvemos que sí, en ausencia de disposición de ley que autorice bajo estas circunstancias que se compense por la desfiguración como una incapacidad adicional a la total. Una persona no puede estar más de un ciento por ciento incapacitada.

Los hechos de este caso son los siguientes. Juan Villanueva se fracturó el proceso espinoso de la sexta vértebra cervical en un accidente del trabajo. Luego de recibir el adecuado tratamiento y de varios trámites administrativos se le reconoció una incapacidad equivalente al quince por ciento de sus funciones fisiológicas generales, más un diez por ciento de incapacidad por desfiguración del cuello debido a una cicatriz en dicha región. Con el transcurso del tiempo la incapacidad física se agravó hasta convertirse en total y permanente. En consecuencia, el Fondo del Seguro del Estado le adjudicó la compensación máxima que autoriza la Ley de Compensaciones por Accidentes del Trabajo, equivalente al sesenta y seis y dos tercios por ciento del jornal que ganaba el día del accidente, o la suma total máxima de $18,900.00. De esa suma dedujo lo pagado por concepto de la incapacidad parcial previamente reconocida ($3,037.50) y lo pagado por desfiguración ($300.00). La Comisión Industrial revocó la decisión del Fondo en el aspecto de la deducción por la desfiguración. Concluyó que la compensación por desfiguración no es una compensación por incapacidad. A solicitud del Fondo, expedimos auto para revisar.

Precisa señalar que la cuestión que aquí se plantea tiene por base un mismo accidente; es decir, que se trata de una agravación por recidiva, acompañada de una desfiguración. No se trata de agravación de una incapacidad por la intervención de un segundo o posterior accidente, cuestión para la cual provee el Art. 3 de la ley, 11 L.P.R.A. sec. 3, inciso 4, en su

párrafo titulado "Incapacidades preexistentes". Dice dicho párrafo:

"En todos aquellos casos en que un obrero, por efecto de un accidente del trabajo, sufriera la agravación o aumento de una incapacidad anterior no proveniente de un accidente del trabajo, la incapacidad resultante del accidente le será compensada incluyendo la incapacidad anterior; pero en aquellos casos en que un obrero sufriera la agravación o aumento de una incapacidad preexistente causada por un accidente anterior y por la cual cobró la compensación correspondiente, se le descontará de la compensación a que tenga derecho por la incapacidad global resultante, el montante de la compensación que recibió por su incapacidad preexistente; Disponiéndose, que en todos aquellos casos en que un obrero sufra la agravación o aumento de una incapacidad preexistente y dicha agravación o aumento resultare en la pérdida total y permanente del miembro u órgano afectado o resultare en la pérdida total y permanente de las funciones fisiológicas generales, el obrero será compensado por la incapacidad total sin tomar en consideración la incapacidad preexistente aun cuando haya cobrado compensación por ésta; y Disponiéndose, además, que el coste adicional que resultare de la aplicación de la presente disposición se pagará con cargo al Fondo de Reserva para Catástrofes y no se tomará en consideración para los fines del Plan de Clasificaciones Basado en la Experiencia (*Merit Rating System*) que más adelante se provee."

En *Admor., F.S.E.* v. *Comisión Industrial,* 100 D.P.R. 363, 368 (1972), señalamos:

"A los fines de evitar la deducción de la compensación original de $6,000 de la compensación por la incapacidad total, de acuerdo con la tercera alternativa provista por la disposición sobre incapacidades preexistentes del referido Art. 3, *era necesario establecer, y no se estableció,* que un segundo accidente del trabajo *agravó* la incapacidad prexistente al extremo de resultar en 'la pérdida total y permanente de las funciones fisiológicas generales' para que 'se compensara por la incapacidad total sin tomar en consideración la incapacidad preexistente aun cuando haya cobrado por ésta.'" (Énfasis en el original.)

El citado Art. 3 dispone las compensaciones procedentes por incapacidades parciales permanentes y por incapacidad

total permanente. Establece una tabla de compensaciones y, para los casos en que la incapacidad no pueda ser propiamente fijada de acuerdo con dicha tabla, dispone que "la misma se reflejará sobre las funciones fisiológicas generales de obrero o empleado; y la compensación se calculará a base de cuatrocientas cincuenta (450) semanas como máxima y no podrá ser mayor de diez mil (10,000) dólares". 11 L.P.R.A. sec. 3, inciso 4, párrafo titulado "Incapacidades no comprendidas en la tabla de compensaciones".

En cuanto a desfiguración, la ley la incluye entre las incapacidades parciales permanentes al señalar, a continuación de la tabla de compensaciones, lo siguiente:

"La compensación para cualquier otra incapacidad parcial permanente no especificada se graduará de acuerdo con la incapacidad que más se asemeje a la incapacidad correspondiente que se fija en la tabla precedente, y se compensará con aquel número de semanas que más se asemeje a la incapacidad que se tome como base para graduar la incapacidad no especificada en la tabla; Disponiéndose . . ., y disponiéndose, además, que en los casos en que una cicatriz, quemadura o cualquier cambio en la fisionomía cause la desfiguración de la cara, cabeza o cuello o de una o ambas de las manos o brazos del lesionado, a solicitud del Administrador del Fondo del Seguro del Estado o del obrero o empleado lesionado la Comisión Industrial decidirá de acuerdo con la gravedad de la lesión cuándo [sic] debe compensarse por este concepto. En ningún caso se pagará por la desfiguración de la cara, cabeza o cuello del lesionado una suma mayor de tres mil (3,000) dólares y en el caso de desfiguración de las manos o brazos de mil seiscientos (1,600) dólares. En los casos de desfiguración de manos o brazos no se compensará este concepto si la desfiguración se tomó en consideración al fijar alguna compensación por incapacidad de dicha mano o brazo.

"La Comisión Industrial graduará esta compensación tomando en consideración la importancia de la desfiguración, la profesión y oficio y sexo de la persona lesionada; . . . ." 11 L.P.R.A. sec. 3, inciso 3.

En cuanto a la incapacidad total permanente, la ley dispone:

"4. Si como resultado de la lesión o enfermedad el caso del obrero o empleado fuese resuelto como uno de incapacidad total

permanente, el obrero o empleado continuará recibiendo una suma igual al sesenta y seis y dos tercios (66 2/3) por ciento del jornal que percibía el día del accidente o que hubiere de percibir a no ser por la ocurrencia del accidente durante el tiempo que se prolongue esta incapacidad total, pero en ningún caso se pagará más de ciento veinticinco (125) dólares mensuales, ni menos de cincuenta (50) dólares mensuales.... Disponiéndose, además, que la compensación total a ser pagada no excederá en ningún caso de diez y ocho mil novecientos (18,900) dólares." 11 L.P.R.A. sec. 3, inciso 4.

■ Las disposiciones de la ley de compensaciones a obreros precedentemente citadas nada disponen al efecto específico del problema aquí planteado, mas dan pautas que nos conducen a la solución que adoptamos. En primer lugar, colocan la desfiguración en la clasificación general de incapacidades parciales permanentes y, en segundo lugar, fijan un máximo, sin más, a la compensación a concederse en casos de incapacidad total permanente.

■ Nuestra Ley de Compensaciones por Accidentes del Trabajo es un estatuto de carácter remedial o reparador. *Alonso García* v. *Comisión Industrial*, 102 D.P.R. 733, 735–736 (1974); *Vélez, Admor.* v. *Comisión Industrial*, 91 D.P.R. 480, 485 (1964); *Feliciano Figueroa* v. *Comisión Industrial*, 84 D.P.R. 196, 215–216 (1961). Su propósito no es, como en el seguro ordinario de accidentes, compensar por daños, sino compensar por la limitación en la capacidad del obrero para trabajar y ganarse su sustento. *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 183, 184 (1974). De ahí que se reconozca generalmente el derecho a compensar una desfiguración a base de que sea "de tal naturaleza que afecte la habilidad del obrero para obtener y retener un empleo". *Alonso García* v. *Comisión Industrial*, 102 D.P.R. 741, 745 (1974). Reconocimos en este caso que la desfiguración de la cara, cabeza o cuello es compensable precisamente porque puede constituir una incapacidad, es decir, una limitación en la habilidad para ocuparse la persona en un empleo lucrativo. A tal fin señalamos el requisito de ley de que al graduar la compensación a concederse deberá la Comisión Industrial tomar en

consideración la profesión, oficio y sexo de la persona desfigurada.

Por otro lado, la ley establece, como hemos visto, un límite máximo de $18,900 a la compensación a concederse por una incapacidad total. permanente. Siendo la desfiguración un tipo de incapacidad, no podría compensarse en adición a la autorizada como máximo por la incapacidad total. Una persona no puede estar incapacitada en más de un ciento por ciento de sus funciones fisiológicas generales.

Cuando el Legislador ha querido permitir que se conceda una compensación adicional a otra reconocida lo ha expresado inequívocamente. Así, para ejemplos, el Art. 3 permite compensaciones adicionales en determinados casos de incapacidades preexistentes agravadas por un segundo o posterior accidente del trabajo (inciso 4 antes transcrito); y el inciso 3 ordena que se compense a una persona que pierda un globo ocular por enucleación, evisceración o atrofia extrema, en un diez por ciento adicional, a la compensación a que tenga derecho por la pérdida de la visión.

En el caso de incapacidad total permanente, el mismo Art. 3 autoriza cierto tipo de compensación adicional en dos casos específicos, a saber: (1) cuando a juicio del Administrador del Fondo la condición física del incapacitado requiera la asistencia continua de otra persona, en cuyo caso podrá autorizar el pago adicional de hasta cuarenta dólares mensuales "a favor del familiar o de la persona que atienda al incapacitado mientras persista la necesidad"; y, (2) en aquellos casos en que el incapacitado totalmente quedase parapléjico o cuadrupléjico, o hubiese perdido permanentemente las funciones de ambas piernas en forma tal que se vea obligado a moverse en un sillón de ruedas, se faculta al Administrador a proveerle un sillón de ruedas y una cama de posición, y hasta mil dólares adicionales para diseño especial o adaptación de su casa y sus accesos para facilitar su deambulación.

Igual solución a la aquí adoptada ha sido alcanzada en la jurisdicción federal y en jurisdicciones estatales norteame-

ricanas bajo estatutos de propósitos similares al nuestro. En *Todd Shipyard Corp.* v. *Pillsbury,* 136 F.Supp. 846 (1955), confirmado por *Rupert* v. *Todd Shipyard Corp.,* 239 F.2d 273 (1956), se resolvió que bajo la Ley de Compensación a Obreros de Muelles y Puertos (*Longshoremen's & Harbor Workers' Compensation Act*), 33 U.S.C.A. sec. 901 *et seq.,* no procede una compensación por desfiguración en adición a una compensación por incapacidad total permanente. Se consideró que la desfiguración es una incapacidad parcial permanente y el referido estatuto no autoriza expresamente que se compense en adición a la incapacidad total reconocida. Se señaló, además, que permitirlo introduciría principios torticeros en una ley cuyo propósito es compensar la pérdida de jornales.

En igual forma se ha pronunciado el Tribunal más alto del estado de Nueva York bajo un estatuto que, como el nuestro, coloca la desfiguración en la clasificación de incapacidades parciales permanentes. (1) Se expresó que si la intención de la ley hubiese sido otorgar una compensación por desfiguración en adición a una por incapacidad total permanente así se hubiese hecho constar. *Kaminski* v. *Mohawk Carpet Mills Inc.,* 202 N.Y.S.2d 731 (1961); *Clark* v. *Hayes,* 202 N.Y.S. 453 (1924). En Oklahoma se ha determinado que el máximo compensatorio fijado por la ley para la incapacidad total permanente impide la compensación adicional por desfiguración. *Garrett's Furniture* v. *Morgan,* 498 P.2d 1380 (1972). De la misma manera se ha resuelto en Carolina del Sur que la compensación por incapacidad total permanente excluye la compensación por desfiguración. *Burnette* v. *Startex Mills,* 10 S.E.2d 164 (1940).

Los citados casos, como hemos visto, se basan en los mismos razonamientos que hemos expuesto para concluir que la compensación por desfiguración concedida debe ser deducida de la compensación por incapacidad total permanente. Nuestra Ley de Compensaciones por Accidentes del

---

(1) *Workmen's Compensation Law,* McKinney's Consolidated Laws of New York Anno., 64 Workmen's Compensation Law sec. 15.

Trabajo no autoriza que la compensación por desfiguración, clasificada entre las incapacidades parciales permanentes, sea una compensación adicional a la que se otorgue por una incapacidad total permanente. Como hemos visto, nuestra ley expresamente dispone una compensación por incapacidad total permanente que "no excederá en ningún caso de diez y ocho mil novecientos (18,900) dólares". Un mismo accidente no puede generar una incapacidad total y al mismo tiempo y en adición una incapacidad parcial.

*A base de las consideraciones aquí expuestas se dictará sentencia que revoque la resolución recurrida.*