EUFEMIO MORELL MORELL, lesionado, BERNARDINO ROMÁN SANTIAGO, patrono, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, FONDO DEL SEGURO DEL ESTADO, asegurador-recurrente.

*Número:* O-80-613          *Resuelto:* 12 de febrero de 1981

*Antonio Acevedo Torres* y *Antonio Allende Calderón,* abogados de la Administradora del Fondo del Seguro del Estado; *José A. Lugo Irizarry* y *Francisco Irlanda Pérez,* abogados del obrero lesionado.

El Juez Asociado Señor Irizarry Yunqué emitió la opinión del Tribunal.

Consideramos en el recurso ante nos cuál ha de ser el alcance de una llamada "condición emocional" presente en el caso de una persona acogida a los beneficios de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 a 42, que amerite compensación bajo dicha ley. Resolvemos que, además de la necesaria relación causal entre la condición y el empleo, para que dicha condición sea compensable debe originar alguna incapacidad para el trabajo o agravar una incapacidad existente, y que ello debe probarse

de manera convincente mediante prueba pericial basada en exámenes psiquiátricos adecuados.

I

Eufemio Morell Morell sufrió un accidente del trabajo en febrero de 1971. Mientras se ocupaba en su oficio de carpintero, se dobló a coger un tablón y al enderezarse sintió un fuerte dolor en la cintura. Contaba entonces cincuentiséis años de edad. Se diagnosticó herniación en varios discos lumbares y, tras numerosos trámites administrativos, se le reconoció una incapacidad funcional general permanente de un ochenta por ciento, compensable bajo la Ley de Compensaciones por Accidentes del Trabajo. Se recomendó una operación quirúrgica para reducir la incapacidad, a lo cual se negó el señor Morell.

El 20 de octubre de 1978 la Comisión Industrial emitió resolución en que redujo la incapacidad a la mitad, es decir, a un 40% de las funciones fisiológicas generales. Se amparó para ello en el Art. 3, inciso 3, de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3, que se refiere a incapacidades parciales permanentes compensables bajo la ley, y que dispone que si se hace necesaria una operación quirúrgica, el Administrador del Fondo del Seguro del Estado tendrá derecho a ordenar un examen médico del obrero. "Si el examen —dice dicho artículo— no demuestra la existencia de enfermedad alguna o condiciones físicas que revelen peligro alguno de esta operación y el obrero o empleado, con conocimiento de los resultados de dicho examen aún persiste en negarse a someterse a tal operación, solamente tendrá derecho a la mitad de la compensación que ordinariamente le corresponde bajo este Capítulo."

El obrero había solicitado del Fondo que le reconociera, en adición a la incapacidad funcional, una llamada "condición emocional" y le compensara por ello. Como transcurriera el tiempo sin que el Fondo resolviera, la Comisión asumió juris-

dicción de conformidad con el Art. 7 de la Ley, 11 L.P.R.A. sec. 9, (1) y concedió al Fondo treinta días para decidir. Se hizo una evaluación siquiátrica en el caso y finalmente se celebró una vista pública, luego de la cual se emitió resolución el 17 de septiembre de 1980, que es motivo del recurso que aquí nos ocupa. Resolvió la Comisión que el Sr. Morell padece de una condición emocional, catalogada por los peritos como leve, relacionada con el accidente sufrido en febrero de 1971. A base de ello ordenó a la Administradora del Fondo del Seguro del Estado brindarle "la íntegra protección de la ley". Concedimos término al recurrido para mostrar causa por la cual no debamos revocar la resolución recurrida. Ha comparecido, pero no nos convence.

## II

■ La Comisión centró la controversia en el aspecto de relación causal. Nada expresó sobre los efectos de la condición emocional del recurrido; es decir, la forma en que dicha condición afecta la capacidad del recurrido para trabajar y ocuparse lucrativamente. Nos parece que ello es fundamental para adjudicar compensación. La Ley de Compensaciones por Accidentes del Trabajo no establece un seguro para indemnizar por daños. Establece un seguro de carácter remedial para compensar, en la medida limitada establecida por la propia ley, la incapacidad productiva que sobreviene a un

---

(1) Dicho artículo dispone como sigue en su primer párrafo:

"En el caso de que el Administrador del Fondo del Estado demorare por más de un mes, sin causa justificada, la decisión de un caso completo sometido a su consideración, el obrero o el patrono que sean partes necesarias en dicho caso, o cualquier parte interesada podrá recurrir en queja ante la Comisión Industrial y obtener una orden de dicha Comisión compeliendo al Administrador para que decida el caso; y si fuere necesario, la Comisión podrá también ordenar al Administrador que remita el expediente del caso a dicha Comisión con el objeto de asumir jurisdicción sobre el mismo y decidirlo; pero, antes de asumir jurisdicción en un caso y decidirlo, la Comisión dará al Administrador una oportunidad razonable para cerrar y decidir dicho caso."

obrero como consecuencia de un accidente o enfermedad ocupacional. Véanse *Villanueva Pérez* v. *Comisión Industrial*, 109 D.P.R. 790 (1980) ; *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 183, 184 (1974) ; *Alonso García* v. *Comisión Industrial*, 102 D.P.R. 741, 745 (1974) ; *Alonso García* v. *Comisión Industrial*, 102 D.P.R. 733, 735–736 (1974).

Para que un estado o condición emocional sea compensable debe, pues, ser limitativo de la capacidad del obrero para trabajar, bien porque cause una incapacidad o bien porque agrave una incapacidad ya existente. Véanse Larson, *The Law of Workmen's Compensation*, Vol. 1B, Sec. 42.22, y Blair, *Reference Guide to Workmen's Compensation*, sec. 6.12, quienes, al referirse a condiciones mentales *compensables* bajo legislación similar a la nuestra, tales como neurosis, psiconeurosis, histeria mayor o menor, o conversión, señalan que tal condición debe ser incapacitante (*disabling*).

Notamos que con frecuencia se recurre ante nos de decisiones de la Comisión Industrial que plantean la compensabilidad de estados mentales que se han dado en llamar condiciones emocionales. El presente es un caso típico de los muchos en que se plantea la misma cuestión. Una persona sufre un accidente del trabajo y como consecuencia de ello se le reconoce determinado por ciento de incapacidad funcional de carácter permanente. Subsiguientemente esa persona reclama compensación por padecer también de una "condición emocional" relacionada con el accidente. Es difícil imaginar una persona tan insensible que no se preocupe y no sufra mentalmente al saberse limitada en su capacidad para trabajar. Pero esas preocupaciones y sufrimientos mentales, tan naturales como son, no pueden compensarse bajo la ley que aquí nos ocupa a menos que, a su vez, produzcan incapacidad. Tal tipo de incapacidad debe quedar probada convincentemente, a base de prueba pericial basada en exámenes siquiátricos adecuados, dada la naturaleza vaga, nebulosa y subjetiva de dicha

condición emocional y de que es susceptible de que se finjan sus síntomas. (2)

■ El caso ante nos no cumple esos requisitos. Hay discrepancia entre los peritos —uno presentado por el Fondo y otro, consultor de la Comisión— sobre la causa de la condición emocional del recurrido. Ambos peritos coinciden en que es leve. Y el consultor de la Comisión, aparte de basarse en posibilidades, señaló como causa que el recurrido ". . . podría al verse impedido de poder seguir trabajando, desarrollar una condición emocional . . .". (3) Es decir, según este testimonio, la condición emocional es el resultado de no poder trabajar. Debía ser a la inversa para que la condición emocional fuera compensable: que debido a ella el reclamante no pueda trabajar. Señalamos en *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 712, 715 (1975), que no puede sostenerse una decisión a base de prueba pericial "vaga, superficial e imprecisa" y que rechazaremos toda prueba "que equivalga a especulación o conjetura basada en hechos subsidiarios que no sostengan adecuadamente las conclusiones a que llegan".

_____

(2) Dice Blair, *Reference Guide to Workmen's Compensation*, sec. 6.12: ". . . Ya que es posible que los síntomas sicóticos sean fingidos, la prueba sobre ellos normalmente se considera con mucho cuidado. Se requiere que las opiniones siquiátricas estén basadas en exámenes suficientes y cabales (*accurate*) del reclamante." (Traducción nuestra.)

(3) Copiamos de la "Resolución Vista Pública" de 17 de septiembre de 1980, de que se ha recurrido, pág. 2, el siguiente párrafo en resumen de la declaración del perito de la Comisión Industrial:

"El Dr. Héctor Tejeda Sánchez en síntesis declaró que teniendo en cuenta que estamos ante un caso de un lesionado de 64 años de edad, que al momento del accidente tenía 54 años, de oficio carpintero y con una educación rudimentaria de un tercer grado de escuela elemental, acostumbrado a trabajo pesado, podría al verse impedido de poder seguir trabajando, desarrollar una condición emocional inicial la cual empezó tratamiento poco tiempo después del accidente; que según él y su esposa fue para 1971, luego de lo cual fue sometido aproximadamente a una docena de vistas médicas y públicas. Que sin embargo, estamos ante una condición que no es tan severa de por sí para llegar ella sola a un grado incapacitante total. Considera que es una reacción de ansiedad con depresión y algunos factores involutivos. Que su opinión es que el caso sí está relacionado con el trabajo."

Para resumir, resolvemos que para que sea compensable una condición emocional bajo la Ley de Compensaciones por Accidentes del Trabajo, debe establecerse: (1) relación causal entre la condición y un accidente o enfermedad ocupacional, (2) que la condición es de tal naturaleza que origina por sí misma una incapacidad para trabajar o agrava una incapacidad funcional existente, y (3) que la prueba para demostrar tal condición sea convincente, basada en opiniones siquiátricas que sean el resultado de exámenes adecuados.

*Por los fundamentos expresados, se dictará sentencia que revoque la resolución recurrida y deniegue la reclamación del recurrido de que se le compense por su alegada condición emocional.*