ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NOEL DE JESÚS DE JESÚS<br><br>RECURRIDOS<br><br>V.<br><br>LAS FLORES METALARTE<br><br>**PATRONO**<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>AGENCIA-RECURRENTE | TA2025RA00080 | *REVISIÓN JUDICIAL* procedente de la Comisión Industrial de Puerto Rico<br><br>Caso Núm.: 09-800-23-360-01<br><br>CASO C.F.S.E. 08-21-00108-3<br><br>Sobre:<br><br>Demora – Art. 7 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 9 de septiembre de 2025

Comparece la Corporación Fondo del Seguro del Estado (CFSE" o la Apelante) y solicita la revocación de la *Resolución en Reconsideración* emitida el 12 de junio de 2025 por la Comisión Industrial ( Comisión Industrial o la agencia recurrida) notificada a las partes el 16 de junio de 2025, en el caso número C.I. 09-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-01 (Noel De Jesús De Jesus - CFSE Núm.: 08-21-00108-3). Mediante la referida *Resolución en Reconsideración*, la Comisión Industrial declaró *No Ha Lugar* la *Moción de Reconsideración* presentada por la CFSE y ratificó lo dispuesto en la *Resolución* sobre Vista Pública emitida el 6 de marzo de 2025, por la Comisión Industrial, notificada el 30 de abril del corriente año, en la que la que agencia recurrida aceptó por notificadas y apeladas en sala dos decisiones emitidas por la CFSE el 17 de agosto de 2011 y el 19 de enero de 2012 y rehusó desestimar el recurso presentado por el Recurrido para revisarlas.

**I.**

El 18 de octubre de 2024, el Recurrido presentó *Moción* ante la Comisión Industrial en la que alegó que sufrió un accidente del trabajo por lo que acudió a la CFSE y que, a pesar del tiempo transcurrido, la CFSE no se había comunicado con él.

Posteriormente, el 20 de febrero de 2025, la Comisión Industrial celebró Vista Pública un Oficial Examinador quien rindió un informe. Mediante Resolución de 6 de marzo de 2025, notificada el 30 de abril del corriente año la Comisión Industrial acogió el Informe del Oficial Examinador que presidió la Vista Pública y aceptó y dio por notificadas en sala las decisiones de la CFSE de 17 de agosto de 2011 y 19 de enero de 2012, por lo que dio curso al trámite apelativo. De igual forma, en la aludida *Resolución* la Comisión Industrial ordenó a la CFSE señalar vista pública sobre tratamiento del Recurrido mientras trabaja o mayor incapacidad de las condición cervical y lumbar que le aqueja. Además, la agencia recurrida ordenó a la Secretaría tomar conocimiento de que las decisiones de la CFSE de 17 de agosto de 2011 y 19 de enero de 2012 fueron notificadas y apeladas en la vista pública celebrada el 20 de febrero de 2025 y a esos fines le ordenó digitalizar las aludidas decisiones de la CFSE apeladas en Sala.[1]

En desacuerdo, la CFSE solicitó reconsideración. En síntesis, la Recurrente sostuvo que la Comisión Industrial actuó sin jurisdicción al dar por notificadas y apeladas en Sala las decisiones de la CFSE, lo cual es contrario a lo dispuesto en la Regla 6 de las Reglas de Procedimientos de la Comisión Industrial y que además, procede la aplicación de la doctrina de incuria.

Mediante *Resolución en Reconsideración* emitida el 12 de junio de 2025 por la Comisión Industrial, notificada a las partes el 16 de junio de 2025, en el caso número C.I. 09-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-01 (Noel De Jesús De Jesus - CFSE Núm.: 08-21-00108-3) la Comisión Industrial declaró No Ha Lugar

---

[1] *Véase* Entrada Núm. 3 SUMAC TA2025RA00080.

la *Moción de Reconsideración* presentada por la CFSE y ratificó lo dispuesto en la *Resolución* sobre Vista Pública emitida el 6 de marzo de 2025, por la Comisión Industrial, notificada el 30 de abril del corriente año, en la que agencia recurrida aceptó por notificadas y apeladas en Sala las dos decisiones emitidas por la CFSE el 17 de agosto de 2011 y el 19 de enero de 2012. En dicha *Resolución en Reconsideración*, la Comisión Industrial formuló las siguientes Determinaciones de Hechos:

### DETERMINACIONES DE HECHOS

1. El 5 de septiembre de 2007, el señor Noel De Jesús De Jesús (el obrero), presentó reclamación ante el Fondo del Seguro del Estado (FSE) mientras realizaba labores de choferes para el patrono, Las Flores Metalarte, Inc.

2. El 22 de octubre de 2008, el FSE concede alta de tratamiento con los siguientes diagnósticos: esquince cervical, esguince lumbar, radiculopatía C5-C6 y radiculitis LS1 izquierda. Reconoció una incapacidad parcial permanente de cinco por ciento (5%) de las funciones fisiológicas generales por la región cervical.

3. Esta decisión es recurrida por el Lcdo. Jose Wiscovith Barreras. Informa que su dirección es: PO BOX 270093, San Juan, PR 00927-0093.

4. En la visita médica del 5 de octubre de 2009, se determinó devolver el caso a la jurisdicción del Administrador de la corporación del Fondo del Seguro del Estado, para que se le practicara a la parte apelante estudios de MRI cervical y MRL lumbosacral, y se actuara a tenor con los hallazgos médicos. Posteriormente, emitiría la decisión correspondiente.

5. El 9 de agosto de 2010, el FSE notifica alta con incapacidad de quince (15%) de las funciones fisiológicas generales por la región cervical. Esta decisión es recurrida por el Lic. Jose Wiscovith Barreras, dentro del término legal. La decisión fue notificada a la siguiente dirección: PO BOX 270093 San Juan, PR 00927.

**6.** En la vista médica del 14 de enero de 2011, notificada el 3 de agosto de 2011, se determinó devolver el caso a la jurisdicción del Administrador de la Corporación del Fondo de Seguro del Estado para que se le brindara tratamiento a la parte apelante en Clínica del Dolor por las condiciones cervicales y lumbosacrales. **Posteriormente, emitiría la decisión correspondiente.**

7. El **18 de octubre de 2024,** el Lic. Jose Wiscovith Barreras, presenta moción sobre Artículo 7 , Demora. Solicitó se le concediera un término al FSE para que cumpliera con lo dispuesto por este Organismo mediante resolución de [sic] notificada el 3 de agosto de 2011. De no cumplir, que la Comisión Industrial asumiera jurisdicción. No surge resolución a esos efectos.

8. En vista pública celebrada el 20 de febrero de 2025, cuya resolución se revisa en este acto, el representante legal del obrero argumentó que las decisiones en cuestión no le fueron notificadas.

9. El representante del Asegurador argumentó que ambas decisiones fueron entregadas al obrero. Solicita la transferencia para cuestionar al obrero por qué no presentó recurso apelativo. En todo caso, procede la defensa de incuria.

En la *Resolución en Reconsideración*, conforme a las anteriores determinaciones de hechos la Comisión Industrial concluyó que el Recurrido no fue notificado de las decisiones de la CFSE y que tampoco aplica la doctrina de incuria, toda vez que la dilación no estuvo completamente injustificada.

Inconforme, la CFSE presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte de la Comisión Industrial

ERRÓ LA HONORABLE COMISIÓN INDUSTRIAL AL DAR POR NOTIFICADA Y APELADA DECISIONES DEL ADMINISTRADOR SOBRE TRATAMIENTO MÉDICO EN CONTRAVENCIÓN A LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME DEL GOBIERNO DE PUERTO RICO (LAPU) Y A LA REGLA 6 DE LAS REGLAS DE PROCEDIMIENTO DE LA COMISIÓN INDUSTRIAL DE PUERTO RICO, POR LO QUE ACTÚA SIN TENER JURISDICCIÓN SOBRE DICHO ASPECTO.

ERRÓ LA HONORABLE COMISIÓN INDUSTRIAL AL NO ACOGER LA DOCTRINA DE INCURIA Y DETERMINAR QUE HABÍA JUSTIFICACIÓN PARA UNA APELACIÓN PRESENTADA MÁS DE TRECE (13) AÑODS LUEGO DE EMITIDA UNA DECISIÓN.

Mediante *Resolución* de 15 de julio de 2025, notificada 16 de julio de 2025, concedimos a la Recurrente un término de treinta (30) días para presentar copia certificada del expediente administrativo y al Recurrido el mismo término para presentar su oposición al recurso. En dicha *Resolución* advertimos que los términos concedidos, comenzarían a decursar a partir de la notificación. El 21 de julio de 2025, la CFSE presentó *MOCIÓN EN CUMPLIMIENTO DE RESOLUCIÓN* a la que anejó Copia Certificada del expediente administrativo. Sin embargo, el término de treinta días concedido venció el viernes 15 de agosto de 2025 sin que el Recurrido presentara su oposición al recurso, por lo que resolvemos sin el beneficio de su comparecencia.

## II.

### A. *La CFSE y la Comisión Industrial*

Las facultades adjudicativas de una agencia están regidas por la Ley de Procedimiento Administrativo Uniforme (LPAU), *supra*, y por la jurisprudencia aplicable. La Sección 3.1 de la LPAU, 3 LPRA sec. 9641, requiere que las agencias fundamenten sus resoluciones con

determinaciones de hecho y conclusiones de derecho. Estas determinaciones deben reflejar que se consideraron y resolvieron los conflictos de prueba y, además, deben describir tanto los hechos probados como los rechazados. *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 265 (2007). Por lo tanto, la facultad revisora de los tribunales se enfoca en determinar: (1) que el remedio concedido por la agencia fuese el apropiado; (2) si las determinaciones de hecho estuvieron basadas en evidencia sustancial que obre en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta. Sec. 4.5 de LPAU, 3 LPRA sec.9675.

Sobre los procedimientos adjudicativos, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* establece en su sección 3.2, que "[e]xcepto cuando por ley se establezca de otro modo, el procedimiento adjudicativo ante una agencia podrá iniciarse por la propia agencia o con la presentación de una querella, solicitud o petición, ya sea personalmente o mediante comunicación por escrito, en el término que establezca la ley o el reglamento, con relación a un asunto que esté bajo la jurisdicción de la agencia. 3 LPRA § 9642 . Dispone además, que "[t]oda agencia deberá adoptar un reglamento para regular sus procedimientos de adjudicación. …" 3 LPRA § 9642

La *Ley del Sistema de Compensaciones por Accidentes del Trabajo*, Ley Núm. 45 del 18 de abril de 1935, según enmendada (Ley 45), 11 LPRA §1 et seq., es un estatuto de naturaleza remedial, cuyo propósito es implementar la Política Pública de prestación de servicios médicos y compensación a obreros y empleados por lesiones, incapacidad o muerte relacionada con el trabajo. *Hernández Morales v. CFSE*, 183 DPR 232, 239-240 (2011); *Cátala v. FSE*, 148 DPR 94, 99 (1999). Con ese objetivo, la referida ley establece un esquema de seguro compulsorio para "proveerle a los obreros que sufren alguna lesión o enfermedad que ocurra en el curso del trabajo y como consecuencia del mismo, un remedio rápido,

eficiente y libre de las complejidades de una reclamación ordinaria en daños". *Pacheco Pietri y otros v. ELA y otros*, 133 DPR 907, 914 (1993).

La Ley Núm. 45, *supra*, no establece un seguro para indemnizar por daños. Establece un seguro de carácter remedial para compensar, en la medida limitada establecida por la propia ley, la incapacidad productiva que sobreviene a un obrero como consecuencia de un accidente o enfermedad ocupacional. *Villanueva Pérez v. Comisión Industrial*, 109 DPR 790 (1980); *Alonso García v. Comisión Industrial*, 103 DPR 183, 184 (1974); *Alonso García v. Comisión Industrial*, 102 DPR 741, 745 (1974); *Alonso García v. Comisión Industrial*, 102 DPR 733, 735-736 (1974). La Ley 45, es el estatuto remediador que le provee al trabajador un sistema de seguridad social por lesiones en el empleo.

Este estatuto creó dos organismos para implementar el mandato de la ley: el Fondo y la Comisión Industrial. 11 LPRA §8. Por su parte, la CFSE es el foro primario donde se dilucida si un obrero es elegible o no a los beneficios que establece la ley. Se encarga de la investigación de las reclamaciones por accidentes del trabajo, de la rehabilitación a través de servicios médicos y del pago de compensación por incapacidad parcial o total. *Agosto Serrano v. F.S.E.,* 132 DPR 866, 874 (1993).

De otra parte, la Comisión Industrial es un organismo de carácter fundamentalmente adjudicativo y revisor, con funciones de naturaleza cuasi-judicial y cuasi-tutelar para la investigación y la resolución de todos los casos de accidentes en que el Administrador del Fondo y el obrero o empleado lesionado no lleguen a un acuerdo respecto a la compensación. *Id.* Como regla general la Comisión Industrial actúa como tribunal apelativo del Fondo del Seguro del Estado a nivel administrativo. *Id.*, citando a *Baerga v. Fondo del Seguro del Estado*, 132 DPR 524 (1993) En lo pertinente a la presentación de un recurso de apelación ante la Comisión Industrial, el Artículo 9 de la *Ley de Compensaciones por Accidentes del Trabajo*, 11 LPRA §11, dispone lo siguiente:

> Si el obrero o empleado, o sus beneficiarios, no estuviesen conformes con la decisión dictada por el Administrador de la Corporación del Fondo del Seguro del Estado en relación con su caso, podrán apelar ante la Comisión Industrial dentro de un término de treinta (30) días después de haber sido notificados con copia de la decisión del Administrador, y el caso se señalará para ser oído por un Comisionado. […]

.

Conforme a dicho mandato legislativo, la Comisión Industrial estableció las *Reglas de Procedimiento de la Comisión Industrial de Puerto Rico*", Reglamento Núm. 9464, aprobadas el 26 de mayo de 2023. La Regla 6 de las de la Comisión industrial, dispone lo siguiente:

> Toda persona que resulte adversamente afectada por una Decisión del Administrador podrá apelarla ante la Comisión dentro del término de treinta (30) días, contados a partir de la fecha de la notificación de la misma. Este término es de carácter jurisdiccional.

De igual forma, la Regla 6.1 de las Reglas de Procedimiento de la Comisión Industrial de Puerto Rico3 establece expresamente lo siguiente:

> Toda apelación se formalizará mediante la presentación de un escrito en la Secretaria de la Comisión, mediante los procedimientos electrónicos que la Comisión establezca, por derecho propio o a través de representación legal. Dicho escrito hará referencia a la Decisión recurrida, la fecha de notificación a las partes, fecha del accidente o, en su defecto, la fecha de presentación de la reclamación ante la CFSE y cualquier otro evento que pueda afectar los términos jurisdiccionales. …

Se trata de un término jurisdiccional, *Kelly Temporary Services v. F.S.E.*, 142 DPR 290, pág. 299 (1997). Por lo tanto, ni el foro administrativo ni el judicial tiene autoridad o discreción para prorrogar dicho término. Así las cosas, nuestro Tribunal Supremo de Puerto Rico reafirmó dicha determinación en *Nieves v. FSE,* 163 DPR 76, a la pág. 89 (2004) al reiterar que: "…es forzoso concluir que el término de treinta (30) días aquí involucrado, es uno de naturaleza jurisdiccional, pues el estatuto no concede al organismo administrativo ni a los tribunales discreción para prorrogar el mismo.

### B.    La Doctrina de incuria

La doctrina anglosajona de incuria es conceptualizada como la "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad". *Alonso Piñero v. UNDARE, Inc.*, 199 DPR 32, 53 (2017); *Consejo Titulares*

*v. Ramos Vázquez*, 186 DPR 311, 340 (2012). Véase, también, *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 236 (2014). Esta norma aplica cuando no existe un término reglamentario o en ley para realizar determinada acción. *Consejo Titulares v. Ramos Vázquez, supra,* pág. 342; *Pueblo v. Valentín*, 135 DPR 245, 256 (1994). Su fin es evitar premiar a una parte que se cruza de brazos aun conociendo sobre la existencia de su derecho si con ello se causa perjuicio a la otra parte o se lesionan importantes intereses públicos o privado. *P.I.P. v. E.L.A. et al.*, 186 DPR 1, 13 (2012).

Esta doctrina procede de la máxima cuyo postulado establece que la equidad auxilia a quien se mantiene vigilante en el reclamo de sus derechos y no a quien se duerme sobre la corriente sin mostrar excusas razonables para ello. *Consejo Titulares v. Ramos Vázquez*, *supra*, págs. 340-341. Ahora bien, no opera automáticamente por el mero transcurso del tiempo. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1020 (2008). A esos efectos, el Tribunal Supremo de Puerto Rico ha delineado una serie de consideraciones para evaluar la aplicabilidad de la doctrina de incuria:

> Su aplicación dependerá de la situación específica que presente cada caso. Ello exige que en nuestro análisis consideremos los factores siguientes: **primero, si existe alguna justificación para la demora; segundo, el perjuicio que esta acarrea, y tercero, el efecto sobre los intereses privados o públicos involucrados**. La evaluación de estos factores es primordial al considerar resolver conforme a equidad. *Alonso Piñero v. UNDARE, Inc., supra*, pág. 54; *Consejo Titulares v. Ramos Vázquez*, *supra*, pág. 341.

Nótese que en estos casos debe evaluarse (1) la dilación injustificada en la presentación del recurso y (2) el perjuicio que ello pueda ocasionar a otras personas. *Consejo Titulares v. Ramos Vázquez*, *supra*, pág. 342; *Torres Arzola v. Policía de P.R.*, 117 DPR 204, 209 (1986). Además, deben considerarse los méritos y las circunstancias del caso, pues como se colige de lo expuesto, esta doctrina está vinculada a la idea fundamental de la equidad. *Íd*. Al aplicar esta doctrina se apela a la razón y a la conciencia frente a la necesidad de encontrar y proveer soluciones

justas. *Consejo Titulares v. Ramos Vázquez*, *supra*, pág. 342; *Torres Arzola v. Policía de P.R.*, *supra*, pág. 209.

En *Berrios v. Comisión de Minería*, 102 DPR 228 (1974) nuestro Tribunal Supremo tuvo ante sí una controversia sobre la falta de una adecuada notificación. En particular, Berríos – recurrente ante la Comisión de Minería – le fue notificada la decisión adversa de su solicitud de permiso exclusivo el 23 de diciembre de 1968 y a su abogado el 14 de enero de 1969. Berríos presentó recurso de revisión el día 28 de enero de 1969, el cual se desestimó por haberse presentado fuera del término establecido en la Ley de Minas. Llevada la controversia ante nuestro Tribunal Supremo, dicho foro resolvió que el término de revisión había comenzado a decursar a partir de la fecha en que el abogado de Berríos fue notificado.

De otra parte, nuestro Tribunal Supremo ha resuelto que, si bien una notificación defectuosa impide que comience decursar el término para acudir en revisión, el término dentro del cual deberá interponerse el correspondiente recurso quedará sujeto a la doctrina de incuria. *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 39 (2000). Véase también, *Colón Torres v. A.A.A.*, 143 DPR 119 (1997); *García v. Adm. del Derecho al Trabajo*, 108 DPR 53, 59 (1978).

**III.**

Mediante el recurso de epígrafe, la CFSE nos invita a revocar la *Resolución de Reconsideración* de la Comisión Industrial que acreditó su jurisdicción para atender el recurso presentado por el Recurrido el 18 de octubre de 2024. En dicha *Resolución de Reconsideración* la Comisión Industrial, tras la celebración de una Vista Pública, dio por notificadas y apeladas las Decisiones del Administrador de la CFSE emitidas el 17 de agosto de 2011 y el 19 de enero de 2012, y rehusó aplicar la doctrina de incuria a los fines de desestimar la Apelación del Recurrido ante la agencia recurrida.

En consideración a los señalamientos de error de la CFSE, adelantamos que la Comisión Industrial incidió al no desestimar la

Apelación presentada por el Recurrido la cual exhibe componentes de la doctrina de incuria al dejar transcurrir más de trece años para alegar que no fue notificada de las Decisiones del Administrador de la CFSE emitidas el 17 de agosto de 2011 y el 19 de enero de 2012, respectivamente.

Pese a que alega que sufrirá un daño irreparable por la supuesta demora de CFSE en notificarle las Decisiones del Administrador, el Recurrido tampoco expuso justificación alguna para su demora excesiva para recurrir ante la Comisión Industrial. Sin embargo, optó por actuar con dejadez en el reclamo de su alegado derecho y permitió que tiempo significativo y extremadamente largo transcurriera sin ninguna acción de su parte. Es preciso destacar que conforme a la determinación de hecho núm. 6 la Comisión Industrial estableció lo siguiente:

> En la vista médica del **14 de enero de 2011, notificada el 3 de agosto de 2011,** se determinó devolver el caso a la jurisdicción del Administrador de la Corporación del Fondo de Seguro del Estado para que se le brindara tratamiento a la parte apelante en Clínica del Dolor por las condiciones cervicales y lumbosacrales. **Posteriormente, emitiría la decisión correspondiente.**

En vista de tales circunstancias, nos encontramos imposibilitados de avalar la continuación de la Apelación presentada por el Recurrido, ante la agencia recurrida, quien se cruzó de brazos e inoportunamente acudió ante la Comisión **Industrial más de trece años después para obtener un remedio.** Concluimos que la tardanza excesiva del Recurrido en su reclamo no amerita la concesión de la Comisión Industrial.

En efecto, consideradas tales circunstancias, aplicamos la doctrina de incuria como un impedimento reconocido en corte de equidad. En esencia, esta doctrina tiene como fin evitar premiar a una parte que se cruza de brazos aun conociendo sobre la existencia de su derecho si con ello se causa un perjuicio a la otra parte o se lesionan importantes intereses públicos o privados. *P.I.P. v. E.L.A. et al.*, 186 DPR 1, 13 (2012). Recordemos que la incuria aplica cuando no existe un término reglamentario o en ley para realizar determinada acción, pero también se ha aplicado cuando existe un término que no se notificó debidamente", y [d]e esa forma, ante la ausencia de un término reglamentario, se ha

aplicado el criterio de 'termino razonable'. *Consejo de Titulares v. Ramos Vázquez*, 186 DPR 311, 341 (2012), que cita a *Pueblo v. Valentín*, 135 DPR 245 (1994) y a *Buena Vista Dairy, Inc. v. J.R.T.*, 94 DPR 624 (1967)).

En el caso que nos ocupa, argumenta la CFSE que las Decisiones del Administrador de la CFSE fueron entregadas al obrero Recurrido, constando su firma en estos documentos, aunque reconoce que esta no fue notificada a la representación legal del Recurrido. [2] Sobre estos extremos razonó la Comisión Industrial en la *Resolución en Reconsideración*, que una de las decisiones no tiene el nombre ni la dirección del representante legal del Recurrido y en la otra, la dirección del representante legal no es la misma que informara en el escrito inicial. Ciertamente dichas omisiones convirtieron las notificaciones en defectuosas, lo que tuvo el efecto de que el término apelativo no comenzara a transcurrir. Por consiguiente, según lo establecido por nuestro Tribunal Supremo, en *Berrios v. Comisión de Minería*, 102 DPR 228 (1974), el término dentro del cual el Recurrido debía interponer su recurso apelativo **quedó sujeto a la doctrina de incuria.**

Ahora bien, aun concediendo deferencia a las determinaciones de hechos de Comisión Industrial, ante el escenario de evidente incuria procede concluir que incidió la Comisión Industrial al no desestimar la Apelación presentada por el Recurrido, toda vez que este no recurrió para que dicho foro atendiera su reclamo en un **término razonable.**

Concluimos que, **al esperar hasta el** 18 de octubre de 2024 **para acudir ante la agencia recurrida,** el señor De Jesús De Jesús **incurrió en incuria toda vez que se cruzó de brazos y dejó pasar el tiempo en exceso antes de acudir ante la Comisión Industrial** sin que existiera justificación alguna para su demora excesiva en presentar su reclamo ante la agencia recurrida. **Aún en ausencia de notificación de la Decisión del Administrador de la CFSE, esperar más de trece años para acudir ante**

---

[2] *Véase* Copia Certificada del Expediente Administrativo, Exhibit III (a), (b), (c) & (d).

**la Comisión Industrial luego de no obtener respuesta por parte de la CFSE desde el año 2011no constituye un término razonable.**

Al considerar los factores de la doctrina de incuria, surge que el Recurrido se cruzó de brazos y no realizó gestión alguna durante el transcurso de más de trece (13) años de inactividad. Ello tampoco se desprende del Informe de la vista celebrada ante la Comisión, en la cual las partes tuvieron la oportunidad de argumentar sus posturas. Lo único que resulta evidente en el expediente es que la Decisión de la CFSE le fue notificada directamente al señor De Jesús De Jesús y que por espacio de trece (13) años, tanto éste como su representación legal se cruzaron de brazos, sin indagar  ni promover su reclamación ante la CFSE.

Ante este escenario y las circunstancias particulares del caso, resolvemos que incidió la Comisión Industrial al declarar No Ha Lugar la *Moción de Reconsideración* presentada por la CFSE y ratificar lo dispuesto en la *Resolución* sobre Vista Pública emitida el 6 de marzo de 2025, por la Comisión Industrial, notificada el 30 de abril del corriente año, en la que la que agencia recurrida aceptó por notificadas y apeladas  en sala dos decisiones emitidas por la CFSE el 17 de agosto de 2011 y el 19 de enero de 2012 y rehusó desestimar el recurso presentado por el Recurrido para revisarlas.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, revocamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones